### *Palmer v. Palmer.

[*276]

The Court of Chancery has no power to decree an absolute or a partial dissolution of the marriage contract, even with the consent of the parties, except in the special cases provided for by statute.

Neither the act of 1813, concerning divorces, (2 R. L. 200,) nor the act of April, 1824, (6 *vol. Laws of New York*,) confers upon the Court of Chancery power to grant a divorce, *a mensa et thoro*, unless the charges contained in the complainant's bill are satisfactorily established.

The usual course, where the bill is taken as confessed, is to order a reference to a master to report as to the facts.

1828.

Palmer
v.
Palmer.

If the bill is filed by the husband for a divorce, *a mensa et thoro*, and he obtains a decree, the wife will not be entitled to a maintenance out of his property.

Where the husband filed a bill against his wife for a divorce, *a mensa et thoro*, and the wife in her answer denied every allegation of improper conduct charged in the complainant's bill, and also set up cruel and inhuman conduct on the part of her husband towards her, and in consequence thereof consented to a decree of separation from bed and board forever, in which a suitable provision should be made for herself and children, the court refused to decree a divorce from bed and board.

December 2d.　　THE complainant filed a bill against his wife, complaining of cruel and inhuman treatment, &c., and praying a divorce, *a mensa et thoro*. The defendant put in her answer, in which she fully denied every allegation of improper conduct in the complainant's bill, and also set up on her part cruel and inhuman conduct on the part of her husband towards her, which rendered it unsafe and improper for her to cohabit with him, or to be under his dominion or control; and in consequence thereof she consented to a decree of separation from bed and board forever, in which a suitable provision should be made for the support of herself and her children. The cause was submitted to the court on bill and answer, and a written statement, signed by the solicitors for both parties, requesting a decree of separation, and consenting to an order of reference to a master to inquire and report which of the parties ought to have the care and custody of the children, and the amount of an allowance to be made for the support of the wife and children, or either of them, and the manner of payment thereof.

[*277]　　　*J. Greenwood*, for the complainant.

W. T. McCoun, for the defendant.

THE CHANCELLOR:—This court has not power, even with the consent of the parties, to decree an absolute or partial dissolution of the marriage contract, except in the

special cases provided for by statute. By the act of 1813 concerning divorces, (2 R. L. 200,) this court may, on a bill filed by the wife, decree a divorce from bed and board, if it shall appear from the answer and confession of the defendant, or by the bill being taken *pro confesso* against him, or by proof taken in the cause in the usual manner, that the defendant has been guilty of such cruel and inhuman treatment of the wife, or such conduct towards her as to render it unsafe and improper for her to cohabit with him, and be under his dominion and control. By the act of April, 1824, (6 Laws of N. Y. 249,) this court is authorized to extend to husbands the same rights that are given to femes covert by the act of 1814, and to grant to a husband the same relief, and for like causes, as femes covert are entitled to under that act. But in neither case can this court grant a divorce, unless the charges contained in the complainant's bill are satisfactorily established. It would be aiming a deadly blow at public morals to decree a dissolution of the marriage contract merely because the parties requested it. Divorces should never be allowed, except for the protection of the innocent party, and for the punishment of the guilty. In *Barry* v. *Barry*, (1 Hopk. 118,) Chancellor Sanford decided that a decree for a divorce, *a mensa et thoro*, could not be made upon the admission of the party by suffering the bill to be taken *pro confesso* against him; but that the real facts must in such cases be ascertained by the report of a master. If the bill is filed by the husband, and he makes out such a case as to entitle himself to a decree, the wife will have no claim upon his property for her support. He will be released from the obligation of supporting her, and she will be turned off penniless upon community, unless she has separate property for her maintenance. The statute has *given to this court no authority, in such a case, to provide for her support out of the husband's property. It must, therefore, be a very strong case which will induce this court to grant a final separation on the application of the husband.

[*278]

1828.

Phœnix Ins.
Co.
v.
Gurnee.

In the case before me, every allegation of misconduct on the part of the wife is fully denied by her answer. On the other hand, she sets up such conduct on the part of the complainant as does, in fact, render it unsafe and improper that she should live with him, or be under his dominion or control.[1] But I cannot grant her any relief in this suit. If an amicable adjustment of these family difficulties cannot be made between the parties, she must file a bill to obtain a suitable provision for the support of herself and children. The complainant's bill in this case must be dismissed with costs.

[1] The cruelty must be such as endangers life or health, and renders cohabitation unsafe. *Perry* v. *Perry*, 2 Paige, 501; S. C., 1 Barb. Ch. 516. See also *Blowers* v. *Sturtevant*, 4 Denio, 47; *Whispell* v. *Whispell*, 4 Barb. 217, 2 R. S. (4th ed.) 329, sec. 51.