### Perry *vs.* Perry.

To sustain a bill, by a husband against his wife, for a separation from bed and board, under the provisions of the 12th section of the act of the 10th of April, 1824, it is not sufficient for him to show a single act of violence on her part, towards him, or even a series of such acts; so long as there is no reason to suppose that he will not be able to protect himself, and his family, by a proper exercise of his marital power.

In such a suit it is material that the husband should establish such a continued course of bad conduct on the part of the wife, towards himself and those who are under his protection and care, as to satisfy the court that it is unsafe for him to cohabit, or live with her. Hence, it is not impertinent to state, in a bill of this nature, acts of violence and misconduct, on the part of the defendant, towards the complainant's children and other members of his family.

THIS cause came before the court upon exceptions to a master's report, allowing forty-three exceptions to the complainant's bill, for impertinence. The bill was filed by the husband, against his wife, for a separation from bed and board, under the

provisions of the twelfth section of the act of the 10th of April, 1824. (*Laws of* 1824, *ch.* 20, *p.* 249.) The bill, after stating the marriage of the complainant with the defendant, and the situation of his family at that time, as well as at the commencement of this suit, proceeded to state the various acts of violence and misconduct of the defendant, towards the complainant and ·his children by a former marriage, as well as towards his two children by her, which rendered· it unsafe and improper for him to cohabit with her. As to her actual misconduct towards himself, the bill stated that the defendant had committed various acts of violence upon his person, the marks of one of which acts of violence were visible for more than two years; that she had assaulted and struck him on several occasions, and had·repeatedly, during the year previous to the filing of the bill in this cause, expressed the wish that he was dead; that such declarations had been made so often recently, and with such apparent earnestness, as to produce serious apprehensions upon his mind as to his personal safety; and that in consequence thereof he had, for some time, lodged in a different part of his house from that which was occupied by her. The charges in ·the bill which were excepted to as impertinent, related to her violence and misconduct towards his children, and other members of his family, &c.

*J. Rhoades*, for the complainant.

*N. Hill Jr.*, for the defendant.

THE CHANCELLOR. If the exceptions in this case were good in substance, they are clearly defective in form. For, as they are allowed by the master, they leave some parts of the bill not embraced in the exceptions, perfectly senseless. Besides, they are improper in form in dividing up the charges in the bill, by several exceptions to different parts of the same charge; where it was evident that if any part of the charge was impertinent the whole was so. I have not thought it necessary, however, to examine the various exceptions in detail, as I have

arrived at the conclusion that the several charges in the bill, covered by these exceptions, are pertinent and proper. To sustain a bill of this kind, by the husband against the wife, it is not sufficient to show a single act of violence on her part towards him, or even a series of such acts; so long as there is no reason to suppose that he will not be able to protect himself and his family by a proper exercise of his marital power. It is material, therefore, that he should be permitted to establish such a continued course of bad conduct on the part of the wife, towards himself and those who are under his protection and care, as to satisfy the court that it is unsafe for him to cohabit or live with her. The charges in the bill which are excepted to, if admitted by the answer of the defendant, or proved on the hearing, would go far towards convincing me that the complainant's life would probably be in danger, should he continue to reside under the same roof with her after he should have exercised his marital power for the proper protection of those under his care, against her repeated acts of violence and misconduct. These charges are, in substance, that she drove his sick daughter C. from her bed, beat and wounded her, and finally by violence forced her to leave his house, and probably shortened her life by breaking in her ribs; that she drove his son from the house when he was wasting away with consumption; that she beat and lacerated her own grown up son in such a manner as to confine him to the house for several days; that her conduct towards his daughter M., who was dying with the consumption, was such as to render it necessary for the complainant to secure the room of such daughter by locks and bolts, whenever he was from home, to protect her from the violence of the defendant; that the clergyman, who was called to administer the consolations of religion to the dying daughter, was compelled to discontinue his visits in consequence of the defendant's conduct towards him; that she beat her own grown up daughter, pulled a handful of hair from her head, and injured her so severely that she fainted; that at other times she struck the same daughter with violence, threw a cup of tea in her face, struck her on the head with an earthen vessel, threw her upon the floor and jumped upon her, &c.; that she beat a child, who

was bound to her, so severely that the child was discharged by the magistrates; that she attacked a workman, employed by the complainant, with dangerous weapons, and drove him from the house; that by her violence and misconduct she has disturbed, and at last compelled her husband to abandon his accustomed family worship; and that she is in the daily habit of using obscene and blasphemous language in presence of the family, and at their meals.

These facts, if proved, or if admitted by the answer, will have a very great. influence in giving character to the acts of personal violence which are stated in the bill as having been committed by the defendant, upon the complainant. And if such facts are proper subjects of proof in the cause, the complainant may state them in a bill for discovery and relief. (*Story's Eq. Pl.* 221, § 268; *Hawley* v. *Wolverton,* 5 *Paige's Rep.* 523.)

None of the exceptions for impertinence in this case were well taken, and they should not have been allowed by the exception master. The exceptions to the master's report must, therefore, be allowed; and all the defendant's exceptions to the bill must be overruled.