Perry v. Perry.

---

PERRY vs. PERRY.

The section of the act of April, 1824, giving to a husband the right to file a bill against his wife for a separation, was not repealed in the revision of the statutes in 1830. And the court of chancery is bound to act upon it, whenever a proper case is presented.

In granting a decree for a separation, under the act of 1824, in favor of the husband against the wife, the court has no power to direct the husband to pay to his wife an allowance for her support.

THE bill in this cause was filed by the husband against his wife, to obtain a separation from bed and board, on account of cruel treatment, and such conduct on the part of the wife towards her husband as to render it unsafe and improper for him to cohabit with her. The defendant allowed the bill to be taken as confessed for want of an answer. And the case was heard upon the bill and upon the master's report of the facts. (*See ante, p.* 285, *S. C.*)

*J. B. Scoles*, for the complainant.

THE CHANCELLOR. In another case between parties of the same name, (*Perry* v. *Perry*, 2 *Paige's Rep.* 501,) I satisfied myself that the section of the act of April, 1824, giving the husband a right to file a bill in such a case, was not repealed in the revision of the statutes; and that I was bound to act upon it, whenever a proper case was presented. And upon a careful

Perry *v.* Perry.

examination of the testimony, this complainant appears to have made out such a case. The evidence shows that the defendant frequently gives way to the most ungoverned passions, inflicting personal injury not only upon the complainant's grown up children, but upon her own; in some instances endangering their lives. The testimony also shows that she has committed personal violence upon the complainant himself, and frequently wished him dead; so as to render it wholly improbable that he can, by any discreet exercise of his marital power, keep her within such control that his health at least will not be endangered, so long as he continues to live with her. The evidence of her violence and brutality towards other members of her family would not of itself entitle the complainant to a decree of separation. But as I had occasion to say when this case was before me, upon exceptions to the complainant's bill, for impertinence, (1 *Barb. Ch. Rep.* 516,) the establishment of these charges in the bill, in addition to acts of personal violence and misconduct towards himself, are sufficient to satisfy me that it is unsafe for the complainant to continue to live with and cohabit with the defendant.

The complainant therefore is entitled to a decree of separation from bed and board forever; unless the parties shall hereafter mutually agree to live together, and shall apply and have the decree modified accordingly. Although I am compelled to decree a separation in this case, I should not leave the future support of the wife, beyond what she is able to earn by her own exertions, wholly unprovided for, but should direct the husband to pay the same amount for her support, which he has heretofore voluntarily paid, did I not doubt my power to make such a decree against the husband. The section of the act of 1824, under which this suit is instituted, (*Laws of* 1824, *p.* 249, § 12,) merely provides that it shall and may be lawful for the court of chancery to extend the same rights, to husbands, that are given to femes covert, by the 10th and 11th sections of the act concerning divorces and for other purposes. And it can hardly be said to be extending a right, to him, to make a compulsory order that he shall pay to his wife an allowance for l

support; after he has obtained a decree of separation from her, on account of her misconduct. I can therefore only recommend to him that he should hereafter allow her at the rate of three dollars a week, if he has the means of doing so, in addition to what she can earn by her own exertions; while she continues to provide for herself therewith, without being a charge upon any of her relatives or friends.