[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 227 
Sections 10 and 14 of the act of 1848 (chap. 40), for the organization of manufacturing corporations, and section 2 of the act of 1853 (chap. 333), amending the same, are in parimateria, and must be read together.
The capital stock of the corporations formed for the purposes mentioned in the act may be paid in money or in mines, manufactories, and other property necessary for their business, or part in money and part in property; and, when fully paid in, either way, and the certificate filed, the stockholders are released from personal liability, under section 10 of the original act of 1848. But, if exemption from personal liability is sought by the holders of the stock originally issued for property, the transaction may be impeached for fraud; and if a creditor of the corporation can, by competent evidence, show that the purchase of the property and the issue of the stock was fraudulent, and an evasion of the law requiring actual payment of the capital stock in money, or its equivalent, in value, in property necessary for the business of the corporation, he may recover in an action against such original stockholder and party to the fraud as if no payment had been made or certificate filed.
An act in fraud of the law will not shield the actors from the personal liability imposed by the statute for the debts of the corporation. While a difference of opinion as to the value of the property might not alone be sufficient to impeach the transaction, the actual value of the property is an important item of evidence, and, with other circumstances, may be sufficient to establish fraud; while, without some evidence as to the value, it would ordinarily be difficult to show fraud. The defendant was the principal actor in the sale of the property to the corporation, and received for it certificates for the whole capital stock of the company, a part of which is still held by him. No question was made before the referee upon the pleadings or the sufficiency of the complaint to entitle *Page 229 
the plaintiffs to give evidence that the property was taken at a price grossly in excess of the value. Neither was the question of fraud directly raised, and, after the exclusion of the evidence of value, could not well have been made. The evidence was excluded before the final submission of the cause, and as the evidence was competent, the judgment of the City Court of Brooklyn was properly reversed by the Supreme Court and a new trial ordered.
By appealing from the order stipulating for judgment absolute in case the order should be affirmed, the defendant has lost the opportunity of taking the judgment of the referee upon the important question of fact and the fairness of the transaction.
For the exclusion of competent evidence, the order granting a new trial must be affirmed, and judgment absolute for the plaintiffs.