AMERICAN SILK WORKS v. SALOMON.

*Title — to property acquired by association before incorporation. Fraudulent conveyance — unchanged possession only invalidates sale of personal property as to creditors and purchasers in good faith.*

The title to property may be vested in an association before it is incorporated, and no formal transfer is necessary, after incorporation, to vest such title in the corporation.

The provision of the statute avoiding a sale of personal property for non-change of possession is only in favor of creditors or purchasers in good faith, and does not apply to the holder of a lien given to secure past indebtedness.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by the American Silk Works, a corporation formed under the laws of this State, against Israel J. Salomon,

to recover for the conversion of certain personal property, consisting of steam pipes, gas pipes and the fittings thereto. It was claimed on the part of the defendant that the property in question had belonged to the firm of Anderson & Nelson ; that said firm, being indebted to him for rent, agreed that he should have a lien upon such property to secure the same. The plaintiff claimed title to the property by purchase from said firm.

At the close of the evidence for plaintiff, defendant moved to dismiss the complaint upon the ground, among others, that, at the time of the sale and delivery of the property by Anderson & Nelson, the company had no legal existence, its certificate of incorporation not having been filed till after that time. The corporation occupied the same premises that Anderson & Nelson did, and both members of that firm appear to have been managing officers of such corporation.

*Gardiner & Goodhart,* for appellant.

*Williams Brothers,* for respondent.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

GILBERT, J. It does not appear from the findings of the referee that the sale by Anderson & Nelson to the plaintiff, of the property in controversy, was made before the plaintiff was incorporated, nor was that fact established on the trial. Nelson testified that the plaintiff bought the property on the 6th of December, 1872, but immediately adds, perhaps it was a day or two before or after. The referee does find, however, that the plaintiffs became entitled to the property by said purchase before the 1st of March, 1873, and this finding is abundantly sustained by the evidence. There is no legal impediment to the vesting of the title to property in a company or association before they become incorporated, and no formal transfer of the joint property is necessary upon the formation of the corporation, provided it is acquired for the purpose of forming a corporation, and the members of the association agree that it shall belong to the corporation when formed. Before the corporation is brought into existence, the title vests in the individuals composing the association, and afterward in the corporation by the fusion of the association in it. Corporations may acquire title to money paid

upon subscriptions to capital stock before the corporation has a legal existence, and it has been held that they may be formed by means of contributions of property other than money. *Boynton* v. *Hatch,* 47 N. Y. 225.

It appears that no removal of the property took place after the corporation was formed. Those who sold to the corporation were members and officers thereof, and the property remained in their charge as such officers. We do not see what other acts could have been done to make a change of possession. But the statute avoids a sale for non-change of possession only in favor of creditors or purchasers in good faith. The defendant was not such a purchaser. He claimed to have nothing more than a lien on the property given to him by Anderson & Nelson, after they had sold the property to the plaintiff. It was given to secure a past indebtedness. In creating this lien, Anderson & Nelson did not assume to act for the corporation, nor is authority from the corporation to do the act shown. Besides, it is prohibited by statute. Laws 1848, chap. 40, § 2. The subsequent qualification of this prohibition does not remove the disability to give a lien, but only enables corporations to give mortgages, with the requisite assent of the stockholders. Laws 1864, chap. 517, § 2.

If these views are correct, they dispose of all the questions presented by the appellant's exceptions, beside those to the admission of evidence. We have examined those and found nothing in them which would warrant us in reversing the judgment.

It must, therefore, be affirmed.

BARNARD, P. J., dissented.

*Judgment affirmed.*