ROBERT J. ANDERSON, RESPONDENT, *v.* HENRY S. SPEERS, APPELLANT.

*Action to charge a trustee assenting to a company's contracting debts in excess of its capital stock—by whom it must be brought—how the extent of each creditor's recovery is limited—Ch. 40 of 1848, § 23.*

Under section 23 of chapter 40 of 1848, providing that, "If the indebtedness of any such company shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company," one creditor cannot, in case the debts exceed the amount of the capital stock, maintain an action at law against an assenting trustee to recover the amount of his debt.

An action thereunder can only be brought by all the creditors jointly, or by one creditor in behalf of himself and all the other creditors of the company.

In such an action each creditor can only recover such a proportion of the excess of the debts over the amount of the capital stock as his debt bears to the whole amount of the debts of the company.

APPEAL by the defendant from a judgment entered upon an order overruling a demurrer interposed by him to the third cause of action set forth in the amended complaint.

The plaintiff, in the cause of action demurred to, sought to charge the defendant, as a trustee of the American Shovel Company, on the ground that he had, while acting as such trustee, allowed the indebtedness of the said company to exceed the capital stock thereof by the sum of $38,629.30. The section of the Manufacturing Act (section 23 of chapter 40 of 1848) under which the action was brought, is as follows : " If the indebtedness of any such company shall at any time exceed the amount of its capital stock, the trustees of such company assenting thereto shall be personally and individually liable for such excess to the creditors of the company."

The defendant demurred to the said third cause of action, upon

the ground that it appeared upon the face of the complaint that there was a defect of parties, in that there was an omission to join either as parties plaintiff or defendant the other creditors of the company.

*Michael H. Cardozo*, for the appellant.

*W. W. Niles*, for the respondent.

DANIELS, J.:

That part of the complaint demurred to in this case sets forth the facts that the American Shovel Company, of which the defendant was one of the trustees, with his assent contracted debts in excess of its capital, to the amount of $38,629.30. The indebtedness of the plaintiff, together with interest and expenses, was near the sum of $7,000, which left the residue of about $30,000, for which the defendant would be still liable, after the payment of the plaintiff's demands, to the other creditors of the corporation, and it was for the non-joinder of these creditors, as parties to the action, or the failure of the plaintiff to bring the action in his own behalf and on behalf of the other creditors of the corporation, that the demurrer was interposed. It was held, at the Special Term, that it was unnecessary for the plaintiff to bring his action in either of the forms indicated, and whether that determination was right or not, is the point upon which the disposition of this appeal depends.

The statute applicable to the case provides that if the indebtedness of the company shall at any time exceed the amount of its capital stock, its trustees assenting thereto shall be personally and individually liable for the excess to the creditors of the company. (2 R. S., 6 ed., 508, § 58.) The provision upon this subject is literally the same as that contained in an act of Congress, relating to similar corporations formed in the District of Columbia (16 U. S. Stat. at L., p. 102, 1870, ch. 80, § 4), under which it has been held that an individual creditor of the company cannot maintain an action in his own behalf for the recovery of his own debt against the officers assenting to the unlawful increase of the company's indebtedness. (*Hornor* v. *Henning*, 93 U. S., 228.) A provision precisely the same is contained in the

laws of the State of Illinois (R. S. of Ill., 228), and under that it has also been held that an action by one creditor, on his own behalf alone, cannot be sustained. (*Buchannun* v. *Barto Iron Co.*, 3 Bradw., 191.) A similar point has also been decided in the State of Massachusetts in the case of *Merchants' Bank of Newburyport* v. *Stevenson* (10 Gray, 232). The statute which was the subject of construction in the last case, was much more favorable than either of these other acts to the right of one creditor to maintain an action simply for the recovery of his own debt, but the court felt itself controlled in the construction which was given to it, by other provisions of the act, and held that the other creditors of the company should be made parties, either directly or theoretically, and that an action in equity alone could be maintained. In this respect the decision was the same as that made in the case of *Hornor* v. *Henning*, *supra*. It has been urged in support of the plaintiff's action that a different rule of construction has been adopted by the authorities existing in this State. But no case has been cited, neither has any been discovered, in which an action in this form has been held proper under the section of the statute already mentioned. The cases relied upon have all arisen under other provisions of the same, or other statutes which, by their terms, render the officers and stockholders in default jointly and severally liable for *all* the debts of the company. This is the case as to the trustees who may fail to make and publish the annual report required, or who may declare a dividend when the company is insolvent, or which, of itself, would render it insolvent, or diminish its capital stock, or for making a report which shall be false in any of its material representations. (2 R. S., 6 ed., 506, 507, §§ 47, 48, 50.) The provision is in form the same which declares the liability of stockholders for the debts and contracts of the company previous to the full payment of its capital stock, and to laborers, servants and apprentices, for services performed for the company. (Id., 504, § 38; 507, § 53.) There is a very evident distinction between these several provisions, and the one upon which this action has been predicated, for, as they render the stockholders and trustees, in the cases provided for, jointly and severally liable for all the debts of the company at the time existing, there can be no impropriety in allowing each one

of the creditors to maintain an action, in his own behalf, for the recovery of the debt due to himself. The liability provided for by these sections is several and individual in its character, including all the debts owing at the time by the company. For that reason no special necessity can exist for requiring other creditors to be joined, but each may properly prosecute an action for the recovery of the amount due to himself; no injustice can result from proceeding in that manner, where the persons proceeded against are liable for all the existing debts of the corporation, and for that reason it has been held, that the action may be maintained under provisions of this nature, by each creditor in his own behalf. (*Bank of Poughkeepsie* v. *Ibbotson*, 24 Wend., 473; *Van Hook* v. *Whitlock*, 3 Paige, 409; *Burr* v. *Wilcox*, 22 N. Y., 551; *Shellington* v. *Howland*, 53 Id., 371; *Boynton* v. *Hatch*, 47 Id., 225; *Garrison* v. *Howe*, 17 Id., 458; *Mathez* v. *Neidig*, 72 Id., 100.) These were all actions against stockholders, either under the provisions of this statute or others of a similar nature, and it was held that each creditor might prosecute the stockholder liable for himself, individually.

*Wiles* v. *Suydam* (10 Hun, 578), has been especially relied upon as an authority supporting the action brought by the plaintiff in this instance. But as it was against the defendant as a trustee, to enforce the liability created by the omission to make the annual report required by the statute, it can afford the plaintiff no assistance; for, as it has already been stated, the trustees for such an omission are liable for all the debts of the company then existing, or contracted before the report may be made.

The cases of *Chambers* v. *Lewis* (28 N. Y., 454), and *Jones* v. *Barlow* (62 Id., 202) were also dependent upon the same provission; and for that reason do not sustain the cause of action assailed by this demurrer. The provision of the statute which has been set forth and on which this action depends does not render the trustees assenting to the unlawful increase of the company's indebtedness liable for all the debts of the corporation, as these other provisions have done, but it has declared them liable only to the extent of the excess of the indebtedness over the amount of the capital stock of the company, and then not to the creditors individually, but in

terms to the creditors of the company collectively, and as a mass. The provisions are clearly distinguishable, both in their terms and in their effect. One class includes all the debts existing against the company, while the other, by its terms, substantially creates a fund to the extent only of the unlawful excess of indebtedness, in the distribution of which all the creditors are ratably entitled to participate. An action brought in any form under this provision will require an accounting for the purpose of ascertaining who may be the creditors of the company, and to what extent it may be indebted to each individual, and for the purpose also of discovering what may be the excess of indebtedness beyond the amount of the capital stock, and the ratable manner in which it should be distributed among such creditors. Whether the action may be brought by one person, or by all the creditors together, or by one on behalf of himself and the other creditors of the company, the proceeding must be substantially the same, for no individual creditor can recover more than the proportionate amount of the excess of the indebtedness applicable to his own debt. In any event, a full investigation and accounting will be necessary to determine the rights of the parties. For these reasons, the authorities, construing a similar provision existing in other States, and in the District of Columbia, should be followed in the disposition of this appeal. That may be properly done, because they in no manner conflict with the cases already decided by the courts of this State, and they seem to be well sustained, in the principle maintained by them, by the peculiar language of this section of the statute.

The judgment should, accordingly, be reversed, and an order entered sustaining the defendant's demurrer, with leave to the plaintiff to amend in twenty days, on the usual terms.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment reversed; order entered sustaining demurrer, with leave to plaintiff to amend in twenty days, on the usual terms.