Tappan, J.
—The complaint is defective. The demurrer must be sustained.
First. It is alleged that at the time plaintiff married Elisha L. Combs, he then had another wife living ; it does not appear that above named defendant was then his wife (3 R. S. [5th ed.] 227, § 4; Bishop on Mar. & Div. § 201).
Second. The power possessed by this court over the subject of divorce is given exclusively by statute ; it can exercise no other power (Peugnet v. Phelps, 48 Barb. 566; Palmer v. Palmer, 1 Paige, 276 ; Blott v. Rider, 47 How.Pr. 90; Sullivan v. Sullivan, 32 Hun, 453).
Third. Although the marriage between plaintiff and Elisha L. Combs was void, if he then had another wife living (3 R. S. [5 ed.] 227, § 4), yet the statute contemplates that an action may be maintained by the innocent party to the second marriage, to obtain a decree to that effect, and allows such action to be brought by such party to the void marriage during the life of the other, but not after (Code Civ. Pro. § 1745; Cropsey v. McKinney, 30 Barb. 47, 55; Griffin v. Banks, 24 Hun, 213).
Demurrer sustained. Plaintiff may amend on payment of $35 costs in twenty days after notice of this decision ; if amendment not made and costs paid within that time, final judgment to be entered for said defendant, with costs of this action.
The plaintiff having failed to amend, final judgment was entered against her.