OSCAR WARING, Respondent, *v.* FRANCIS A. WARING, Appellant.

Where, in an action by a husband against his wife for a separation, the husband has judgment, the court has no power to order an allowance to the wife for her support.

The fact that the husband has received large sums of money belonging to the wife does not authorize the allowance.

A provision in such a judgment awarding the custody of minor children to the husband is in the discretion of the trial court, and is not reviewable here.

(Argued October 30, 1885 ; decided November 24, 1885.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered on the report of a referee.

The nature of the action and the material facts are stated in the opinion.

*Calvin Frost* for appellant. The defendant was entitled to a suitable allowance for her expenses and counsel fees in this

action, and also to a suitable provision for alimony and support for herself and her children, *pendente lite* and after judgment. (Code, § 1769; *De Llamosas* v. *De Llamosas*, 2 Hun, 380; *Strong* v. *Strong*, 1 Abb. [N. S.] 358; *Wood* v. *Wood*, 2 Paige, 108; *Griffin* v. *Griffin*, 23 How. 189; *Forrest* v. *Forrest*, 25 N. Y. 518.) If the court shall be of opinion that the judgment of separation was properly granted, still the judgment should be modified by making a suitable allowance for the support of defendant and for the support and education of the children if the judgment shall be modified by giving the custody of them to her. (*Perry* v. *Perry*, 2 Barb. Ch. 311.) The complaint should have been dismissed. Defendant should have had judgment of separation. She should have been awarded the custody of the younger children and alimony and counsel fees, the proper amount to be ascertained on a reference for the purpose. (Hoffman on Referees, 191, 194.)

*James P. Sanders* for respondent.

EARL, J. This was an action by a husband against his wife for a separation on the ground of abandonment and cruel and inhuman treatment. Upon the trial the evidence was somewhat conflicting, and the findings in favor of the husband by the referee, confirmed by the court, both at the Special Term and the General Term, conclude us. The proof showed a clear case of abandonment by the wife without sufficient justification, and even at the trial she testified that she had refused to live with her husband, and "intended to carry it out." The case against the wife for a separation was so clear that upon the argument before us her counsel stated that he did not expect or ask to have the judgment for a separation reversed, but he asked to have it so modified as to give the wife alimony and the custody of the two younger children.

In a case like this, where the husband has judgment for a separation, there is no power in the court to order an allowance to the wife for her support. (Code, § 1766; *Perry* v. *Perry*,

2 Barb. Ch. 311; *Davis* v. *Davis*, 75 N. Y. 221.)   It is true that it appears that the husband took or received considerable sums of money which belonged to the wife.   But that does not authorize the court to make to her the allowance claimed. If he still remains indebted to her for such money, she can compel payment by action.

As to the children, the court below on all the facts of the case exercised its discretion in awarding their custody to the husband until the further order of the court.   In disposing of the custody of minor children the court consults mainly the welfare of the children.   It is open to her to satisfy the court, if she can upon any future application, that the welfare of the two younger children will be best promoted by placing them in her custody.   Until she can do so the judgment must stand as rendered.   There were no material errors prejudicial to the defendant upon the trial in any of the rulings of the referee, and the judgment should, therefore, be affirmed, but without costs.

All concur.

Judgment affirmed.