## GOODRICH v. DORMAN.

*(Common Pleas of New York City and County, General Term.   June 1, 1891.)*

CORPORATIONS—LIABILITY OF STOCKHOLDERS—PLEADING AND PROOF.

Laws N. Y. 1848, c. 40, § 10, provides that stockholders shall be individually liable for the debts of the corporation created before the capital stock has been fully paid in. Laws 1853, c. 333, § 2, provides that property purchased for the use of a corporation may be paid for by the issue of stock "to the amount of the value" of such property, and that stock so issued shall be deemed fully paid, and the holder thereof shall not be liable for corporate debts, under the act of 1848. *Held*, in an action to enforce such liability of a stockholder, that plaintiff, under an allegation of the complaint that the stock had not been fully paid in when plaintiff's claim against the corporation accrued, may show that the property, in payment for which all the corporate stock was issued, was not equal in value to the amount of such stock.

Exceptions from trial term.

Action by Harvey C. Goodrich against Richard A. Dorman to recover from defendant, as a stockholder in the Avery Machine Company, a debt due from the company to plaintiff. The complaint was dismissed, and plaintiff's exceptions were ordered to be heard at general term in the first instance.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*David K. Case*, (*A. Loring Cushing*, of counsel,) for plaintiff. *Merrill & Rogers*, (*Payson Merrill*, of counsel,) for defendant.

BISCHOFF, J.   Upon the trial it appeared from a certificate duly made and recorded as required by law that the entire capital stock of the Avery Machine Company was issued in payment of property. Thereupon plaintiff offered to prove the value of such property, which was objected to by the defendant on the ground that the testimony offered tended to prove a charge of fraud, and was therefore inadmissible for want of appropriate allegations in the complaint. The complaint alleged that at the time when the indebtedness to plaintiff accrued the capital stock was not fully paid in, and under this plaintiff claimed to be entitled to the admission of the testimony offered. Defendant's objection was sustained, and plaintiff excepted, and this exception presents the only question which we are called upon to review on this appeal. The general manufacturing act (Laws 1848, c. 40, § 10) provides that the stockholders of a corporation shall remain severally and individually liable for the debts of the corporation created while the capital stock shall not have been fully paid in to an amount equal to the amount of stock held by them respectively. By Laws 1853 (chapter 333, § 2) the trustees of a corporation are authorized to purchase property for the use of the corporation, and to issue stock "to the amount of the value" of the property in payment thereof. Stock so issued is declared to be full paid, and not liable to further calls; and the holders of such stock are exempted from liability under the provisions of section 10, c. 40, Laws 1848. The settled construction of the foregoing statutory provisions, taken together, is that the holder of capital stock of a corporation organized under the general manufacturing act of 1848, issued for property acquired by the corporation, is not exempted from liability under the provisions of section 10 of that act if it appears "that the stock issued exceeded in amount the value of the property in exchange for which it was issued," and that the trustees have deliberately, and with knowledge of the real value of the property, overvalued it, and paid in stock for it an amount which they knew was in excess of its actual value. *Douglass* v. *Ireland*,

73 N. Y 100; *Boynton* v. *Hatch*, 47 N. Y. 225; *Schenck* v. *Andrews*, 57 N. Y. 133; *Boynton* v. *Andrews*, 63 N. Y. 93; *Iron Co.* v. *Drexel*, 90 N. Y. 87; *Blake* v. *Griswold*, 103 N. Y. 429, 9 N. E. Rep. 434; *Brown* v. *Smith*, 13 Hun, 408, affirmed 80 N. Y. 650; *Dodge* v. *Havemeyer*, 4 N. Y.St. Rep. 561; *Tube-Works Co.* v. *Gilfillan*, (Court of Appeals, Jan., 1891,) 26 N. E. Rep. 538. Evidence of value of the property for which the stock was issued is therefore material in the determination of the stockholder's liability, and its exclusion would constitute error, unless justified because of deficiency in pleading. Thus the inquiry is presented as to what facts must necessarily be alleged to entitle plaintiff to the introduction of evidence required to establish a stockholder's liability under the statutory provisions hereinbefore referred to. We are of the opinion that an allegation to the effect that the capital stock was not fully paid in at the time when the debt of the corporation to the plaintiff was incurred is sufficient. The statute plainly and in unequivocal terms only exempts the stockholder from liability when the property for which the stock is issued is equal in value to the par value of the stock. Hence, if the property is shown to have been of lesser value, the fact remains that the capital stock has not been fully paid in, and the stockholder's liability thereby becomes fixed. In principle the case at bar does not appear to be distinguishable from *Bank* v. *Reed*, 12 N. Y. Supp. 920, decided by the general term of this court in January last. There it was held that, as the statute made "the intent to hinder, delay, and defraud creditors" the fact for which an assignment for the benefit of creditors can be avoided, the bare allegation in the complaint that the assignment was made with such intent was sufficient; and that it was not only unnecessary, but improper, to detail the particular circumstances by means of which it was proposed to establish such intent on the trial. The court in that case reaffirms an established principle of our system of pleading, that the facts necessary to be pleaded are the ultimate facts upon the proof of which the cause of action depends, and not the aggregation of circumstances, called the "evidentiary" or "probative" facts, from which the ultimate or issuable facts are to be deduced. The Code of Civil Procedure, (section 481,) requiring a "plain and concise statement of the facts constituting the cause of action," comprehends only the ultimate facts. "The dry allegation of the fact, without detailing a variety of circumstances which constitute the evidence of it, will suffice. The object of the pleading is to arrive at a specific issue upon a given and material fact; and this is attained although the evidence of such fact to be laid before the jury be not specifically developed in the pleadings." *People* v. *Ryder*, 12 N. Y. 437; *Bank* v. *Reed, supra;* Bliss, Code Pl. § 206 *et seq.* In the case now under consideration the defendant's liability is dependent upon the fact that the capital stock was not fully paid in. The non-payment of the capital stock in full may be shown by the facts that the stock was issued for property; that the par value of the stock was greatly in excess of the value of the property; and that the property given in exchange for the stock was intentionally overvalued. But these are only the evidentiary and probative facts by which the issuable or ultimate fact must be established, and have no place in a properly framed pleading.

Counsel for respondent urges that the intentional overvaluation of property in exchange for stock constitutes fraud on the part of the trustees issuing the stock, and that, unless the facts relied upon to prove the fraud are set out in the complaint, evidence of them is not admissible. In support of his claim counsel refers us to *Douglass* v. *Ireland*, 73 N. Y. 100, and it appears from the opinion of Mr. Justice ALLEN in that case that the complaint was resorted to with a view of ascertaining whether or not the allegations were sufficient to render evidence tending to prove an intentional overvaluation of the property admissible; and it was held that they were. The question, however, whether or not such evidence would have been admissible under an allegation

that the capital stock had not been fully paid in was not presented to the court, and did not receive its consideration, and the case cannot, therefore, be regar?ed as committing the court in favor of or against the admission of the evidence. In *Boynton* v. *Hatch,* 47 N. Y. 225, the precise question presented upon this appeal was before the court of appeals, but the omission of the defendant to object to the sufficiency of the complaint in the court below rendered the consideration of the question unnecessary. Mr. Justice ALLEN, writing one of the opinions for affirmance, which was concurred in by his colleagues CHURCH and RAPALLO, distinctly puts it upon the ground of such omission, while Mr. Justice GROVER, also writing for affirmance, and receiving the concurring vote of his associates PECKHAM and FOLGER, alludes to the question in the following language: "It is insisted by the counsel for the defendant that, in order to make the defendant liable, it was incumbent upon the plaintiffs to show fraud in the purchase of the property by the corporation of the defendant, and that, there being no such charge in the complaint, it was not competent for the plaintiffs to show it upon the trial. It would be a sufficient answer to this position that no such question was raised upon the trial. But the complaint was sufficient. It charged, in substance, that the defendant was the owner of stock of a specific amount; that the capital stock of the corporation had not all been paid in, and a certificate of such payment made and recorded, as required by the statute. This was all that was necessary to enable the plaintiffs to prove that such stock had not all been paid in, either in cash, as required by the act of 1848, or in property at its value, as required by the act of 1853." The question upon which the court was divided in *Boynton* v. *Hatch* was whether, in order to charge the stockholders, it was sufficient to prove mere inadequacy in value of the property taken for the stock; three of the six judges participating in the decision holding that inadequacy alone was sufficient, the others deeming inadequacy insufficient unless shown to have been the result of intentional overvaluation. This question was settled in *Douglass* v. *Ireland,* 73 N. Y. 100, where the court unanimously determined that the overvaluation of the property must be shown to have been the result of design. In the case last referred to the court says, in substance, that the overvaluation must be sufficient to establish legal fraud, but this we understand to have had reference to the intensity of the proof to be required, and not to any question of pleading, and such appears to have been the construction in *Tube-Works Co.* v. *Gilfillan,* (N. Y.) 26 N. E. Rep. 538. The exceptions are sustained, and a new trial ordered, with costs to abide the event. All concur.