(7 Misc. Rep. 23.)

### HALSTED v. HALSTED.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

DIVORCE—PLEADING—SUPPLEMENTAL COMPLAINT.
    Additional acts of adultery by defendant since the commencement of the action cannot be set up in a supplemental complaint. 26 N. Y. Supp. 758, affirmed.

Appeal from special term.

Action by Charles S. Halsted against Sarah B. Halsted for divorce on the ground of adultery. From an order (26 N. Y. Supp. 758) denying a motion for leave to serve a supplemental complaint charging the commission of adultery by defendant since the commencement of the action, plaintiff appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Geo. W. Carr, for appellant.
Edward B. Merrill, for respondent.

BISCHOFF, J. The office of a supplemental complaint is to aid the cause of action already averred, not to enable the plaintiff to recover upon a cause of action which has accrued since the action was commenced. Bostwick v. Menck, 4 Daly, 68; McCullough v. Colby, 4 Bosw. 603; Improvement Co. v. Vinal, (Sup.) 1 N. Y. Supp. 200; Bull v. Rothschild, (Sup.) 4 N. Y. Supp. 826; Muller v. Earle,

37 N. Y. Super. Ct. 388. One act of adultery affords a sufficient cause of action for a divorce a vinculo matrimonii, and in this respect an action for divorce a vinculo matrimonii is to be distinguished from an action for separation, or divorce a mensa et thoro, on the ground of cruelty and inhuman treatment. A single act of cruelty does not authorize a decree of separation, or divorce a mensa et thoro, unless there is also evidence of reasonable ground for apprehension that the cruelty will recur. Perry v. Perry, 1 Barb. Ch. 516, 5 Amer. & Eng. Enc. Law, p. 792. In an action for divorce a vinculo matrimonii the plaintiff cannot recover upon proof merely that the defendant has committed an act of adultery since the action was commenced, (Ferrier v. Ferrier, 4 Edw. Ch. 296,) for the obvious reason that the adultery proved is not the adultery alleged and complained of. Thus the cause of action assigned is improved. The subsequent adultery is ground for a new and independent action, and leave therefore to set it up by supplemental complaint should not be granted. Milner v. Milner, 2 Edw. Ch. 114; Morange v. Morange, 2 Month. Law Bull. 30.

Assuming that evidence of the commission of adultery with the alleged corespondent, subsequent to the commencement of the action, is admissible on the trial as tending to establish the relations between the defendant and the alleged corespondent before the commencement of the action, and so as tending, in connection with other evidence, to establish the adultery alleged and complained of, (State v. Bridgman, 24 Amer. Rep. 124, 129,) the plaintiff's motion for leave to assert the subsequent adultery by supplemental complaint was, notwithstanding, properly denied, under the rule which requires that only the facts constituting the cause of action, that is to say, the issuable or ultimate facts, and not the evidence of those facts, should be pleaded, (Code Civ. Proc. § 481, subd. 2; Bliss, Code Pl. § 206, etc., Bank v. Reed, [Com. Pl. N. Y.] 12 N. Y. Supp. 920; Goodrich v. Dorman, [Com. Pl. N. Y.] 14 N. Y. Supp. 879.)

The order should be affirmed, with costs. All concur.