## In re ADAMS.

## Ex parte SCHER.

Circuit Court of Appeals, Second Circuit. April 9, 1928.

No. 262.

1. **Bankruptcy ⟷455—Where judge in bankruptcy case granted reargument on notice to vacate order enjoining state court action, appeal will lie from new order entered after reargument.**

Where judge in bankruptcy case granted reargument on notice to vacate ex parte order enjoining action in state court, and after second hearing on new affidavits reached same conclusion as before, and entered new order vacating ex parte injunction, it was new disposition, and appeal will lie from order last entered.

2. **Bankruptcy ⟷421(5)—Bankrupt husband's debt, under contract before divorce to pay wife annuity, held not liability for "alimony," under Bankruptcy Act (11 USCA § 35[2]).**

Bankrupt husband's debt, under contract with wife before divorce to pay her annuity until "death or marriage," held not liability for "alimony," within 11 USCA § 35 (2), which would not be released by discharge in bankruptcy after husband obtained divorce, since it

was not granted by decree, and in New York guilty defendant is not entitled to alimony.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Alimony.]

**3. Bankruptcy ⊜⟶421(5)—Husband's debt, under contract before divorce to pay annuity to wife, held not released by discharge, being "liability for maintenance of wife" (11 USCA § 35[2]).**

Bankrupt husband's debt, under contract with wife before divorce to pay her annuity until "death or marriage," *held* not released by discharge in bankruptcy, since it was "liability for maintenance of wife," within 11 USCA § 35(2); husband's divorce not affecting rights, since parties presumably acted with knowledge of rights.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of George D. Adams. From an order vacating an order, granted ex parte, enjoining an action in the state court by Marie W. Scher, the bankrupt appeals. Affirmed.

Appeal from an order in bankruptcy of the District Court for the Southern District of New York vacating an order granted ex parte, enjoining an action in the state court.

Adams, the bankrupt, on October 1, 1920, entered into a contract with his wife by which he promised to pay her an annuity until her "death or marriage" which she was to accept "in full for her support and maintenance." The contract was not to be "abrogated * * * by any * * * decree * * * for divorce or separation * * * but the provisions hereof may be incorporated therein at the election of either of the parties." On June 3, 1921, Adams obtained a decree of divorce from his wife for adultery in the state court in a suit pending when the contract was made, and in 1923 he discontinued all payments under it. On April 17, 1925, his wife brought suit in the state court upon the contract for arrears up to the time when the summons issued. Pending the action, Mrs. Adams died, and the appellee, having bought the claim from her executor, was substituted as plaintiff on January 27, 1927.

Adams filed a voluntary petition of bankruptcy on May 28, 1927, and on June 9, 1927, by ex parte order enjoined the action. The appellee applied on notice to vacate this order, and the court vacated it on October 8, 1927. Adams then applied for and obtained a reargument upon new affidavits, but the judge reached the same conclusion and on November 17, 1927, entered a

25 F.(2d)—41

second order again vacating the ex parte injunction. This appeal was taken from the second order.

Bender & Harvey, of Mt. Vernon, N. Y. (Morgan, Cahill & Fogarty and David V. Cahill, all of New York City, and John J. Fogarty, of Yonkers, N. Y., of counsel), for appellant.

Dos Passos Bros., of New York City (Cyril F. Dos Passos, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). [1] The appeal was not taken from an order denying a reargument. On the contrary, the judge granted a reargument, and after another hearing upon new affidavits reached the same conclusion and entered a new order vacating the ex parte injunction. This appears to us to be in substance a new hearing and a new disposition at large, and, from the order last entered, an appeal will lie. Electrical Engineers' Equipment Co. v. Champion Switch Co., 23 F.(2d) 600 (C. C. A. 2). We proceed therefore to the merits.

In Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009, it was held that a judgment for alimony was not a provable debt under section 63 (a) (1) (11 USCA § 103), and the same was ruled in Wetmore v. Markoe, 206 U. S. 68, 25 S. Ct. 172, 49 L. Ed. 390, 2 Ann. Cas. 265, in a case where the divorce court had no power even to modify the decree. The New York Court of Appeals held the same of a judgment entered upon a foreign decree for alimony. In re Williams, 208 N. Y. 32, 101 N. E. 853, 46 L. R. A. (N. S.) 719. In Dunbar v. Dunbar, 190 U. S. 340, 23 S. Ct. 757, 47 L. Ed. 1084, the same kind of contract as that at bar was also held not provable, so far as concerned installments falling due after petition filed, because these were too contingent to be susceptible of present computation. As all the payments here in question had fallen due before petition filed, the reasoning of Dunbar v. Dunbar does not apply, and indeed the implication of that case is that such installments are provable under either section 63 (a) (1) (11 USCA § 103) or section 63 (a) (4) (11 USCA § 103), despite the fact that their foundation, like that of decrees for alimony, rests upon the marital duty of the husband to support his wife. At any rate we shall assume without deciding that they are provable debts.

[2, 3] The question then arises whether they are dischargeable under section 17 (a) (2) (11 USCA § 35[2]) either as "liabilities" for "alimony" or "for maintenance or support of wife or child." That they are not liabilities for alimony appears not only because they were not granted by decree, but because in New York the guilty defendant is not entitled to alimony. Waring v. Waring, 100 N. Y. 570, 3 N. E. 289; Palmer v. Palmer, 1 Paige, 276 (semble); Perry v. Perry, 2 Barb. Ch. 311. On the other hand, it is plain that, so far as concerns any installments falling due before the divorce, they were certainly for the maintenance of the bankrupt's wife. However, all those in suit here fell due after the divorce, and consequently at a time when the appellant had no wife and could be under no duty to maintain or support one. Hence the appellant argues that they did not fall within section 17 (a) (2), even though the contract was made while the marital duty existed and in part at least provided for its discharge.

This might be true if it appeared that the payments to be made before the divorce were reckoned as full compensation for the wife's right of support during that period, so that the remainder were left without any matrimonial foundation. We have, however, no reason to suppose that this was the case. The parties presumably acted with knowledge of their rights, and therefore of the fact that after a divorce the husband would be under no further marital duty whatever. Unless there were some abatement of the earlier payments in exchange for the later, these would have been a pure gratuity. Rather we think that the sum of all the payments, both before and after any divorce, was to be paid and accepted in full for that support and maintenance only which could be exacted by recourse to law. The fact that the parties chose to spread their payments over a period which might, if the suit proved successful, pass beyond the time when any such duty would exist presumptively affected their amount. Even so, those that fell due after the divorce did not lose their character as "liabilities for maintenance and support." They were similar to a provision in a separation settlement which might defer certain installments until after the death of the wife.

That this is not a factitious interpretation readily appears by considering the relations of the parties. Neither had any way of knowing whether the suit would succeed, what would be the limit of the husband's liabilities, if it did not, or, if it did, how long the wife might remain unmarried. It was by no means unnatural that they should decide to balance these two indeterminate aggregates against each other for the sake of ending their differences, relieving the husband for the present, and insuring the wife a continuance of support while she needed it. At least until some more positive evidence appears of an intention to go beyond the mutual legal rights of the parties, we have no reason to assume that they were actuated by motives of complaisance. It is true that in Dunbar v. Dunbar it was intimated that the reason why, if provable, such a debt would not be discharged, was that it might be regarded as in substitution for alimony, the wife being guilty of no "moral delinquency." While that cannot be the basis of our conclusion here, the case at bar is nevertheless distinguishable, because the settlement was there made only after the divorce and when therefore no marital duty any longer existed which it could liquidate.

Order affirmed.