■ CLAIRE BERKOWICZ, Respondent-Appellant, v. DAVID BERKOWICZ, Appellant-Respondent.— In an action by a wife for separation, the husband appeals from (1) a judgment dismissing the complaint at the end of plaintiff's case insofar as it directs him to pay $225 a month for her support and that of their child, pending entry of an order on a determination to be made by an Official Referee of the amount to be paid thereafter; and (2) from an order made by the Official Referee, after a hearing, directing him to pay $60 a week for the support of said child, pursuant to section 1170-a of the Civil Practice Act. The wife appeals, as limited by her brief, from so much of the aforesaid judgment as dismisses her complaint on the merits. Judgment and order reversed, without costs, and new trial granted, without prejudice to an application to the Special Term, as plaintiff may be advised, to provide for custody and support pending retrial. An examination of the record indicates that the several provisions of the judgment and order are ambiguous and inconsistent. One provision of the judgment dismisses the complaint. Other provisions of the judgment in effect grant a separation by directing the husband to vacate the apartment occupied by the parties jointly and by giving custody of the child to the wife with the right of visitation to the husband. Another provision of the judgment makes an award for the support of the wife and child while the order made by the Official Referee makes an award for the support of the child only. In a matrimonial action where the wife's complaint is dismissed and the husband prevails, while the court is empowered to make an allowance for the support of the child (Civ. Prac. Act, § 1170-a), it is not empowered to make an allowance for the support of the wife. (*Waring* v. *Waring*, 100 N. Y. 570; *Ross* v. *Ross*, 290 N. Y. 887.) Under all the circumstances, it is advisable, in the interests of justice, to reverse the judgment and order, and to grant a new trial of all the issues before the Special Term. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ ORFEO CARDINALI, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained when plaintiff, a patron at a swimming pool operated by defendant, dove into water three and one-half feet deep and struck his head on the bottom of the pool, the defendant appeals from a judgment in plaintiff's favor, entered on the verdict of a jury. Judgment reversed and a new trial granted, with costs to appellant to abide the event. The evidence discloses that the water in the pool was maintained at a depth of about three and one-half feet at the perimeter of the pool and that the depth gradually increased to about four and one-half feet at the center. The pool was customarily used by both adults and children and was not intended to be used for diving. Respondent, a stranger to the pool, and a mature adult, made no inquiry or test, before diving, to ascertain the depth of the water. In our opinion, the finding implicit in the jury's verdict, that respondent was free from contributory negligence, is against the weight of the evidence. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ GLORIA FRAMBES et al., Respondents, v. RUSCIANO & SON CORP., Appellant.— Action to recover damages for injuries to person and property sustained when respondents' motor vehicle fell into an excavation, dug by appellant on the Belt Parkway in Queens County, and for incidental medical expenses and loss of services. The appeal is from the judgment entered on the verdict of the jury in favor of respondents. Judgment reversed and a new trial granted, with costs to appellant to abide the event. In our opinion, the verdict is against the weight of the evidence. Nolan, P. J., Beldock and Ughetta, JJ., concur; Murphy and Hallinan, JJ., dissent and vote to affirm.