## SUPREME COURT.

GEORGE G. HASTINGS, Receiver, &c., agt. DAVID THURSTON and others.

Where the plaintiff, in his complaint, states the circumstances under which a defendant made an assignment for the benefit of creditors, and sets forth the whole assignment, and then alleges that it is fraudulent and void on its face, it is sufficiently *definite and certain.* That is, it is not necessary to allege and state why, and for what reason, the assignment is fraudulent and void on its face.

And so the allegation (following the above) in the complaint, that the assignment was made with intent to hinder, delay and defraud creditors, *held* sufficiently definite and certain.

*New - York, Special Term, March,* 1860.

MOTION by defendants to make allegations in the complaint more definite and certain.

The complaint in this action states that plaintiff has been appointed receiver, under supplementary proceedings, on several judgments recovered against the defendant Johnson, and has accepted the appointment, and is vested with all the rights and powers of such a receiver. That on May 14th, 1859, Johnson was owner and in possession of a large amount of property, real and personal, and then executed to the defendants Thurston and Lefferts, an assignment (set forth at length) of certain real estate, and of all his personal property, in trust for the purposes in said assignment expressed; that Thurston and Lefferts have accepted said assignment, and claim title to all the property therein mentioned, and then proceeds as follows:

Hastings agt. Thurston.

" And the plaintiff alleges and submits that the said instru ment of assignment is fraudulent and void upon its face, &c. And the plaintiff is informed and believes, and therefore charges, that the said instrument of assignment was made and executed by the said defendant Jeromus J. Johnson, and accepted by the defendants Thurston and Lefferets, with the intent to hinder, delay and defraud the creditors of said Johnson," &c.

On the complaint, the defendants, Thurston and Lefferts, move that the allegations above quoted be made more definite and certain, on the ground that they are so indefinite and uncertain that the precise nature of the charge is not apparent.

BONNEY, Justice. This motion is made under section 160 of the Code. The plaintiff, in his complaint, after showing his right, as the representative of creditors, to question the assignment, has set forth the whole assignment, with the schedules thereto, and then alleges that said assignment is fraudulent and void upon its face. . The assignees (defendants) ask an order that this allegation be made more definite and certain, by stating why, or for what reason, said assignment is fraudulent and void. I have examined a great number of authorities to which reference was made on this point, but find no principle or decision which, in my judgment, requires or authorizes me to grant this part of the motion. The pleader must undoubtedly state all material facts, with proper definiteness and certainty. If he omit any material fact, his pleading is demurrable ; and if his statement of it (the fact) is not sufficiently definite and certain, he may be required to amend. In this case, the plaintiff has stated the circumstances under which the assignment was made, and set forth the whole assignment in its exact words, and then alleged that it is fraudulent and void on its face. This is merely raising a question of law—the legal conclusion at which the pleader has arrived upon the facts before stated. I do not see how it can be made more definite or certain without requiring him to state the points, arguments and authorities upon which he expects to main-

tain this allegation, and this surely is not required by the Code.

The other portion of the complaint which defendants ask to have amended, is the charge immediately following the allegation, that the assignment is fraudulent on its face—that it was made with intent to hinder, delay and defraud creditors; and, in my opinion, the observations in relation to the preceding allegation apply with equal force to this charge. With what effect the assignment was made is certainly a question of fact, to be sustained only by proof of other facts, so stated in the complaint as to authorize proof in relation to them. By what amendment this charge of intent can be made more definite or certain, I cannot see. Whether or not the facts, by proof of which the plaintiff expects to substantiate it, are sufficiently stated, is not now before me. The intent itself appears to me to be stated with all the certainty and definiteness of which it is susceptible.

Motion denied, with ten dollars costs.