# SUPREME COURT.

## JONES agt. UNDERWOOD.

*Costs* should be *taxed* according to the fee bill in force at the time of the rendition of the *last verdict* in the action. (*To the same effect is Jackett* agt. *Judd, ante, p.* 385.)

*New-York, Special Term, March,* 1860.
MOTION for retaxation of costs.

ALLEN, Justice. It is well settled, first, that the statutes in force at the time the right of the party to costs becomes fixed, control the taxation and fix the items to be allowed to the successful party. (*Tucker* agt. *Hunter,* 15 *Howard,* 156; *Crary* agt. *Norwood,* 5 *Abb.* 219.) Second, that the right to costs ac-

crues and becomes fixed upon the coming in of the verdict in those actions in which costs of course are given to the prevailing party. (*Burnett* agt. *Westfall*, 15 *Howard*, 431 ; *Torry* agt. *Hadley*, 14 *Id.* 357.)

A party is entitled to have his costs adjusted by the fee bill in force at the time of the verdict. (*Moore* agt. *Westervelt*, 14 *Howard*, 279.) It would seem to follow, first, that as there can be but one taxation or adjustment of costs to be inserted in the judgment, (*Code*, § 11), the entire bill should be controlled by the same statute, and taxed or adjusted at the same rate ; and, second, that the verdict which fixes and determines the right to costs, should be that verdict upon which the judgment, of which the costs are the incident, is founded, and not a verdict which was the result of a mistrial, and did not give to the party a judgment at all.

It would be conceded that, if the first verdict had been set aside for error, or as against evidence, upon the adjustment of the costs, it could not control the final rights of the parties as to costs after a second verdict in the action. But the adjustment of the costs is a mere incident to the entry of the judgment ; and, the verdict and judgment being "reversed and held for naught," all the incidents of both fall with them. Had the fee bill been so amended that the compensation of the plaintiff for services upon and anterior to the first trial would have been more than under the fee bill in force at the time of the first verdict and adjustment, it could not have been claimed that the adjustment of the costs under an erroneous verdict would have precluded him from claiming the increased compensation. As he would not have been estopped by that adjustment, the defendant is not.

The clerk was right in disregarding the former adjustment, and re-adjusting the costs *de novo* according to the fee bill in force at the time of the rendition of the last verdict.

If any item has been omitted by the clerk, which would be allowable under the present fee bill, a re-adjustment should be ordered. But I do not understand this to be claimed. The motion is, therefore, denied ; but without costs.