Mingus v. Condit.

## MINGUS vs. CONDIT.

A purchaser of lands from a grantee whose deed is void against the creditors of his grantor by the statute of frauds, will not be protected by the provisions of the sixth section in favor of *bona fide* purchasers for valuable consideration, unless he has parted with something of value in the purchase. A conveyance or mortgage for a pre-existing debt, without parting with some security, is not for a valuable consideration within the provisions of that section.

| | |
|---|---|
| 23 | 313 |
| 49 | 149 |
| 49 | 469 |
| 23 | 313 |
| 51 | 462 |
| 23 | 313 |
| 57L | 496 |
| 23 | 313 |
| 54 | 528 |
| 23 | 313 |
| e93 | 564 |

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Hayes* and *Mr. McCarter*, for complainant.

*Mr. Runyon*, for defendant.

THE CHANCELLOR.

In March, 1865, lands in Newark, the premises in question in this suit, were conveyed in fee to Nathan Mingus, subject to a previous mortgage to the executors of H. C. Jones, for $3000, which Mingus assumed to pay. On the 24th day of May, 1866, Mingus being in failing circum-

stances, for the purpose of delaying and defrauding his creditors, by deed of that date conveyed these lands to his mother, Margaret Mingus. This deed was left by Nathan on the same day at the office of the clerk of Essex county, and duly recorded. Margarget Mingus did not know of the execution of the deed until after it was recorded, when Nathan brought it home and threw it in a closet in her house, in which he lived with her as one of her family. It was not shown or handed to her; she never paid the consideration mentioned of $5200, or any consideration whatever; nor does any act of hers appear which can be construed into an acceptance of the deed, until the execution of a mortgage of the premises by her to James W. Tichenor, on the 1st day of September, 1866.

The complainant, William T. Mingus, a son of Margaret and brother of Nathan, living in the same house with them, on the 19th day of July, 1866, obtained a judgment against Nathan in the Circuit Court of Essex county for $2819.34, by confession. Upon an execution issued on this judgment the premises were, by the sheriff of Essex county, sold and conveyed to the complainant on the 4th day of October, 1867. Under this he claimed and kept possession.

Jones' executors filed a bill to foreclose their mortgage, making J. W. Tichenor a defendant, but not making William T. Mingus a defendant. A decree for foreclosure and sale was had in that suit, and a sale was had under the decree, October 18th, 1867. The premises were sold to the defendant, Daniel Condit, for $3700, and a deed was executed to him by the sheriff.

In the presence of Condit at the time of the sale, the complainant gave notice that he claimed title as against all but Jones' executors, by virtue of the deed of the sheriff to him; that the deed to Margaret Mingus was fraudulent and void, and that Tichenor knew it when he received his mortgage; and that he, William, would claim the right to redeem the lands by paying off the Jones mortgage and costs of foreclosure.

The mortgage to Tichenor was given to secure the bond of Nathan for $3500, given in part payment of a debt of $4000, which he owed to Tichenor. This was the only consideration. Nothing was paid at the time, and no security was given up or surrendered.

The conveyance to Margaret Mingus is as to her clearly void as against the complainant, and all other creditors of Nathan Mingus. The question is whether the mortgage by her to Tichenor is not within the protection of the sixth section of the statute of frauds. There is not sufficient evidence to show that Tichenor knew of the fraud in the conveyance of Nathan to his mother; the allegations of the bill in that respect are not sustained. He must be considered as a mortgagee in good faith. The only question is whether a mortgage taken as this was to secure a precedent debt, without giving up any security, is upon good consideration within the intent and object of that section.

This section has been construed as if intended to protect only such *bona fide* purchasers as would have been injured by the stringent provisions of the second and third sections, and only such as would otherwise have been injured. And it has, therefore, been held that a deed or mortgage to a *bona fide* purchaser or mortgagee for which the only consideration is the payment of a previous debt, is not within the protection of this section. Such purchaser or mortgagee would be left in the same situation as before.

Such is the doctrine held in *Root* v. *French*, 13 *Wend.* 570; *Morse* v. *Godfrey*, 3 *Story* 389; *Dickerson* v. *Tillinghast*, 4 *Paige* 215; *Padgett* v. *Lawrence*, 10 *Paige* 170; *Jessup* v. *Hulse*, 29 *Barb.* 540; *Manhattan Co.* v. *Evertson*, 6 *Paige* 457.

In the case of *Allaire* v. *Hartshorne*, 1 *Zab.* 665, the opinion of the court declaring that as to negotiable commercial paper, a pre-existing debt is a sufficient consideration to make the endorsee a holder for valuable consideration, states that the rule of equity regulating the transfer of property is that a purchaser who has obtained title as a mere security for

or payment of a pre-existing debt, without parting with anything of value, is not entitled to the character of a *bona fide* purchaser for value. I feel constrained to consider this as the law of this state.

The mortgage to Tichenor is, therefore, void as against the complainant, and the title purchased by Condit at the foreclosure sale is affected by all the equities existing in favor of the complainant. That equity consists in the right to redeem the premises by paying to the defendant the full amount of principal, interest, and costs due to the complainants in the foreclosure suit, and upon such payment to have a conveyance of the property from Condit to him.