DURANT *v.* PIERSON *et al.*

*(Supreme Court, Special Term, Albany County.* February 26, 1890.)

FRAUDULENT CONVEYANCES—ASSIGNMENTS—PLEADING.

In an action to set aside an assignment as fraudulent against creditors, it is sufficient to aver in the complaint that the assignment was fraudulent and void, and made and accepted with intent to defraud creditors, without further averring the facts relied on to establish the intent.

*Stedman, Thompson & Andrews,* for plaintiff.    *M. T. & L. G. Hun,* for appellees.

LEARNED, P. J. This is an action by a judgment creditor to set aside an assignment as fraudulent against creditors. The complaint sets forth the assignment. It avers that the assignment was fraudulent and void, and that it was made and accepted with intent to hinder, delay, and defraud creditors of the assignors. The defendants move to require the plaintiff to make the complaint more definite and certain. The allegation that the assignment is fraudulent and void is definite enough to admit any argument that it is void on its face. The allegation that the assignment was made and accepted with intent to hinder, etc., is a sufficient allegation to admit any evidence tending to prove such fraudulent intent on the part of the assignor and assignee. To state the facts on which plaintiff relies to establish this intent would be to set forth evidence. The fraudulent intent is the fact. The decision in *Butler* v. *Viele*, 44 Barb. 166, does not apply. There were several reasons why plaintiff could not recover. He brought an action to set aside a deed as obtained by fraud, and his own title was superior to that of the grantor. Again, it is probably correct that, when a person seeks to set aside a conveyance made by him on the ground that it was obtained by fraud, he should set forth the facts constituting the fraud. But this assignment was not obtained by the assignee from the assignor by any fraud practiced on the assignor. The assignment is good enough between the parties. But it is claimed to be fraudulent as to creditors, by reason of fraudulent intent. In such case the fact in issue is the fraudulent intent. This is not a case of misrepresentation or deceit practiced by one party upon another, as are the cases cited by the defendants, like *Wood* v. *Amory*, 105 N. Y. 278, 11 N. E. Rep. 636. The defendants on the argument suggested that plaintiff might on the trial offer to prove prior conveyances or confessions of judgment by the assignor, with the view of showing that these, together with the assignment, made a preference to an unlawful extent, and hence made the assignment void. Such prior assignments and confessions might perhaps be evidence on the question of fraudulent intent. If so, they would probably be evidence admissible on that point. Whether they would, under the complaint as it now stands, be admissible to show that the preferences were beyond the statutory limit, and hence that the assignment was void in law, it is not proper for me to decide. The plaintiff does not assert that any such evidence will be offered, or that he will claim anything more than fraudulent intent, or perhaps invalidity on the face of the assignment. *Hastings* v. *Thurston*, 18 How. Pr. 532. But I see no reason to require the complaint to be more specific on the point of fraudulent in

tent, or on the point of patent invalidity. Whether it contains enough to permit proof on other points is not a question before me on this motion. I should suppose the ground of the action was the fraudulent intent. Motion denied, with $10 costs.