NATIONAL UNION BANK OF DOVER *v.* REED *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE.

The complaint in an action by creditors to set aside, as fraudulent as to them, an assignment by their debtor, alleged that "the said assignment was made in bad faith, and with intent to hinder, delay, and defraud creditors." *Held*, that this was an averment of the specific fact of an intent to defraud, sufficient to support the action.

Appeal from special term.

Action by the National Union Bank of Dover, N. J., against Marvin T. Reed individually, and as surviving partner of the firm of McFadden & Reed, and Leonard S. Howard. Plaintiff appeals from a judgment for defendants entered on trial by the court without a jury, and from an order dismissing the complaint. For former report, see 11 N. Y. Supp. 960, *mem.*

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*George Carlton Comstock,* for appellant. *William F. MacRae,* for respondents.

PRYOR, J.  Appeal from order dismissing complaint, and from judgment entered on the order.  Action to set aside an assignment for the benefit of creditors on the ground that it was made with intent to hinder, delay, and defraud creditors.  The assignment was incorporated in the complaint.  At the trial a motion by defendants was granted dismissing the complaint for insufficient statement of a cause of action.  The contention of defendants, and the ruling of the court, were that an allegation in the complaint "that the said assignment was made in bad faith, and with intent to hinder, delay, and defraud creditors," was such an essentially defective averment of fraud as to invalidate the pleading; and whether or not this be a true proposition of law is the only question for review.  Embodying an immemorial rule of the common law, the Code prescribes that a complaint "must contain a statement of the facts constituting the cause of action."  By the imperative import of this language, facts must be stated, and not conclusions of law.  But what facts?  Not evidentiary facts,—that is, facts tending to prove the ultimate facts in litigation,—but those ultimate facts themselves; in other words, facts "constituting the cause of action."  Now, what is the fact that invalidates an assignment?  By the express terms of the statute, that fact is "an intent" on the part of the assignor "to hinder, delay, or defraud creditors."  Nothing more than this intent is requisite to defeat an assignment.  This intent alone is fatal to an assignment.  The intent to defraud is a fact,—a subjective fact, indeed, but still as essentially a fact as anything cognizable by the senses.  In other actions a mental condition is a fact,—an essential fact, too; as, for example, an evil motive in malicious prosecution.  An intent to defraud is so much a fact that a party to whom it is imputed may testify directly to its existence, or in disproof of it, (*Forbes* v. *Waller*, 25 N. Y. 430; *Seymour* v. *Wilson*, 14 N. Y. 567;) is so much a fact that in all cases of conflicting evidence it must be submitted to the jury, and the verdict of the jury upon it is conclusive, (*Tilson* v. *Terwilliger*, 56 N. Y. 273; *Tallman* v. *Kearney*, 3 Thomp. & C. 412; *Miller* v. *Lockwood*, 32 N. Y. 293.)  And not only is the intent to defraud a fact, but in a suit to avoid an assignment it is the essential fact in the cause of action,—a fact, without an allegation of which the complaint is defective.  *Shultz* v. *Hoagland*, 85 N. Y. 464, and cases *infra*.  So, conversely, it is a perfect defense to such an action to show that the assignment was made in good faith, and without intent to defraud.  *Tallman* v. *Kearney*, 3 Thomp. & C. 414.  The intent to defraud being the single and the all-sufficient fact requisite to defeat the assignment, it results that any allegations of fact to show that intent would have been a pleading of evidence, and so inadmissible.  Upon principle, therefore, the allegation of fraud in the complaint was sufficient to support the action; and so are the authorities.  In *Scythe Co.* v. *Foster*, 36 N. Y. 565, the court of appeals held a complaint insufficient because it did not directly aver that the transfer was made with intent to hinder, delay, and defraud, but, instead, did what defendants here say plaintiff should have done, namely, set out the details of the alleged fraudulent arrangement.  *Jessup* v. *Hulse*, 29 Barb. 539; *Hastings* v. *Thurston*, 10 Abb. Pr. 418; *Mott* v. *Dunn*, 10 How. Pr. 231; *Durant* v. *Pierson*, 8 N. Y. Supp. 904.  None of the cases cited by respondent holds a different doctrine from that maintained in this opinion.  Plainly enough, in an action of deceit, it is not sufficient to allege a "fraudulent representation," without more; but the representation must be set forth, that the court may see whether it be calculated to impose upon plaintiff.  So, to impugn any transaction, a bare, general allegation of fraud is nugatory, because fraud is an inference from particular facts.  But the statute makes an intent to defraud creditors the premise from which the law deduces the invalidity of the assignment.  The fraudulent intent is the fact; the invalidity of the assignment is the legal conclusion.  If, here, the allegation were generally that the assignment is fraudulent, then the cases cited would be analogous.  But the

complaint avers, not fraud generally, but the specific fact of an intent to defraud; and this is enough to support the action. The judgment and order must be reversed, with costs of appeal to abide the event. All concur.