## GARFIELD NAT. BANK *v.* PECK *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. PLEADING—BILL OF PARTICULARS—ACTION TO ANNUL ASSIGNMENT.

A complaint, to set aside as fraudulent an assignment for the benefit of creditors, alleged that the assignors had, in contemplation of this assignment, paid over to persons various sums of money of large amounts, intended for their own future use and benefit, but did not state who such persons were, or specify the amounts so paid; that they had omitted from their schedule of assets valuable items of property, but did not describe such property; that they had withdrawn of their assets large sums of money, which were used for purposes other than the liquidation of their liabilities, but did not state the purposes to which said moneys were applied. *Held,* that defendant assignee was entitled to a bill of particulars of such allegations.

2. SAME—AFFIDAVIT.

An affidavit in support of a motion for a bill of particulars is not insufficient because it does not state that defendant "has no knowledge or information sufficient to form a belief" or "suspicion" as to the particulars asked for, where it alleges that defendant is "entirely ignorant" of the facts to which the complaint refers.

Appeal from special term.

Action by the Garfield National Bank against Nathan Peck and others. From an order requiring plaintiff to furnish one of the defendants with a bill of particulars respecting certain allegations of the complaint, he appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*John J. Adams,* for appellant.    *George S. Hamlin,* for respondents.

BISCHOFF, J.    This action was brought to have declared and annulled, as fraudulent and void, a general assignment for the benefit of creditors, made pursuant to the statute for such cases made and provided.    The complaint charged "that the said instrument, purporting to be a general assignment, was made by the said persons composing the firm of Peck, Martin & Co. with intent to hinder, delay, and defraud their creditors, including the plaintiff;" and then specifically alleged that the defendants, the assignors, had, in contemplation of their assignment, paid over to persons not named various sums of money of large amounts, intended for their own future use and benefit; that they had omitted from their schedules of assets valuable items of property not described, except that it is alleged that among such property was an equity in certain real estate in East Seventy-Sixth street, in the city of New York; that they had conveyed to Harriet A. Martin, the wife of one of the assignors, certain premises on Edgecomb avenue for an inadequate consideration; that they had withdrawn of the firm assets large sums of money, which were used for purposes other than the liquidation of the firm's liabilities, but the purposes to which said moneys are claimed to have been applied are not stated, except in one instance; and that the assignment was not accompanied by an immediate, and followed by an actual and continued, change of possession of the property purporting to have been assigned thereby.    Thereupon the assignee, George S. Hamlin, asserting his ignorance of the secretion of any moneys or property by the assignors, the omission of any item of property from the schedules, and the application of firm assets for any purpose other than the payment of firm debts, and that he is unable, without being particularly informed as to the payments of money and items of property intended to be referred to by the plaintiff, to answer the allegations of the complaint or prepare for trial, moved that plaintiff be required to furnish him with a bill of the particulars of these matters.    The motion was opposed, and an order was made requiring plaintiff to serve upon defendants' attorney a bill specifying the several sums of money alleged to have been paid over for the future use and benefit of the assignors, and the persons to whom such several sums of money are claimed to have been paid; the several items of

assets claimed to have been omitted from the schedules other than the real estate situated in East Seventy-Sixth street; and the several sums of money claimed to have been withdrawn from the firm assets, and applied to purposes other than the payment of firm debts, with the purposes to which such several sums of money are claimed to have been applied. From this order the present appeal is taken.

It is urged as an objection to the order that compliance with it requires plaintiff to render a statement of the evidence by means of which the truth of the complaint is expected to be shown on the trial. The office of a bill of particulars is, as counsel for the appellant justly contends, to amplify a pleading, not to require the disclosure of the evidence of a cause of action, defense, or counterclaim, and that the order under review transcends its office respecting the necessary and material allegations of the complaint is due to the fact that the complaint contains unnecessary and redundant matter at which the bill of particulars is aimed. The ground upon which relief is asked is not "fraud," but a "fraudulent intent" in making the assignment, and the allegation that it was made "with intent to hinder, delay, and defraud creditors" was all-sufficient. *Bank* v. *Reed*, (Com. Pl. N. Y. Gen. Term; filed February, 1891,) 12 N. Y. Supp. 920. The secretion of moneys for the future use and benefit of the assignors, the omission of valuable assets from the schedules, and the application of firm assets for purposes other than the payment of firm debts, are but evidence tending to establish a "fraudulent intent," and the allegation of it was not only wholly unnecessary, (*Bank* v. *Reed, supra,*) but, as a reasseveration of the "fraudulent intent," also redundant. Redundancy, however, may be complained of by the "person aggrieved," (Code Civil Proc. § 545,) not by the author of it; and, if defendant had interposed an answer, containing matter responsive to similar matter in the complaint, plaintiff could not have objected to it because of its redundancy, (*McIntyre* v. *Ogden*, 17 Hun, 604; *Baking Powder Co.* v. *Jenkins*, 2 N. Y. Law Bul. 53.) Having made the redundant matter a part of his complaint, plaintiff asserts its materiality (*Cunard* v. *Francklyn*, 111 N. Y. 513, 19 N. E. Rep. 92,) and invites the defendant to answer it, and to prepare for trial upon it; and if, because of the vagueness of the redundant matter, defendant asks to be better informed, so that his answer may be more comprehensive respecting it, and he be the better prepared for trial upon it, plaintiff should not be heard to allege its redundancy, and thus preclude its refutation. It was entirely proper, therefore, for the judge who granted the order to treat the redundant matter as though it was a material allegation of the complaint, and, viewed in that light, the objection that it requires evidential, not issuable, facts, will be dispelled. So, also, if the redundant matter be regarded as necessary and material, another objection to the order, that defendant Hamlin has equal means of obtaining the information sought, because of his relation with the assignors, and because he has possession of their books, and is also represented by their attorney, will disappear. Defendant assignors, in their business and private affairs, may have made a great many payments, and disposed of many items of property, which do not appear in their schedules. Some of the payments may, and others may not, appear from their firm books. To which particular items of property, and to which payments, does the complaint refer? and, if it refers to payments appearing from the books, which of them? These are the matters of which defendant Hamlin asks to be informed by the bill of particulars, because they are not to be ascertained from the complaint; and unless the plaintiff is confined to specific payments, and specific items of property, defendant's answer to the complaint, and his preparation for trial, must devolve upon him the wholly unnecessary presentation of a history of the assignors' business and private affairs, so minute in its details that it may include the payments and items of property to which the complaint means to refer.

A last objection to the order is made on the ground that the moving affidavit does not state that the defendant "has no knowledge or information sufficient to form a belief" or "suspicion" as to the particulars asked for; but we regard the allegation that the defendant is "entirely ignorant" of the facts, or to what the complaint refers, as sufficiently comprehensive to include a denial of each element tending to constitute knowledge or belief upon the subject. The order should be affirmed, with costs.

Order affirmed, with costs.