The problems submitted involve the distribution of $37,698.94 paid into court by the board of education of Elizabeth under an interpleader decree.
The Morgan Construction Company contracted with the board of education to erect the Alexander Hamilton Junior High School, in Elizabeth, and gave the statutory bond (Comp. Stat. p. 1765) with the Globe Indemnity Company as surety for the performance of the contract, and for the payment of labor and material. Contemporaneously, with the execution of the bond, the indemnity company took an assignment from the Morgan company of money that may be due upon default, if the Morgan company should make default, in the performance of the contract. This assignment did not come to light until after the Morgan company failed. The Liberty Trust Company financed the Morgan company in its various building operations, including the Alexander Hamilton School, and, to secure loans of $21,500, took an assignment from the Morgan company of the moneys to grow due on the contract. Notice of this assignment was filed with the board of education. During the course of construction the Morgan company was petitioned into bankruptcy and the federal court appointed a receiver, who, by direction of the court, undertook to finish the job, and who, by like direction, quit when it was found inexpedient to continue, *Page 80 
and, thereupon, the board of education completed the contract, and after deducting the cost of completion there remained of the contract price the sum now in dispute. The claimants are the receiver, who spent $17,864.64 in the work, and wants reimbursement; materialmen, who filed liens, under the Municipal Mechanics' Lien act, after the receiver was appointed; the Globe Indemnity Company and the Liberty Trust Company, which lay claim to the fund under their respective assignments. The indemnity company assignment is prior in point of time, but the trust company claims a superior equity because of priority of notice of its assignment to the board of education. The indemnity company denies, but the trust company concedes the priority of the receiver's claim; both contend that the lien claims are invalid.
The lien claims filed after the appointment of the receiver do not attach to the fund. Mack Manufacturing Co. v. CitizensConstruction Co., 85 N.J. Eq. 331; affirmed, 86 N.J. Eq. 254;Agnew Co. v. Paterson Board of Education, 83 N.J. Eq. 49.
These cases were decided upon the statute as it stood prior to the act of 1918. P.L. p. 1043. The new act does not alter the law of the cases.
As to the receiver's claim. Upon the appointment of the receiver, which was in the usual form, commanding him to take possession of the bankrupt's property and enjoining all interference, the court ordered the receiver to borrow not exceeding $15,000 on receiver's certificates for the purpose of continuing the business of the bankrupt in order to preserve and protect the property, and later ordered an additional $10,000 of certificates. These certificates are declared to be liens on the bankrupt's property and assets. The first order was without notice; of the second the indemnity company had notice and assented; in fact, it purchased $8,000 of the certificates. The indemnity company now contends that the court had not the power to displace the security of its assignment without notice. An all-sufficient answer to this is that the indemnity company kept its assignment hidden until after the bankruptcy and was not entitled to notice. Moreover, it stood by and without protest saw the receiver expend the money to its advantage, for at that time it was chargeable *Page 81 
with the cost of finishing the work. It was silent then, it cannot be heard now. Furthermore, had the receiver had notice of the assignment, it is well settled that a court, in custody of assets of a private corporation, through a receiver, may carry on the business for the purpose of realization and preservation of its property, and when realization or preservation is as well for the interest of fixed charges, to subject such fixed charges to the expenses. Lockport Felt Co. v. United Box, Board and PaperCo., 74 N.J. Eq. 686. This may be done as a rule only after notice, and without notice in emergency such as arose here, where, at the end of the week, the day the receiver was appointed, there was a large payroll due which had to be met on penalty, under labor union rules, which could not be disregarded, of time and a half time to labor while idle, who would not continue work without pay, nor allow the work to go on until they were paid. The situation was acute and called for instant action to avoid greater loss. This was not a case of disturbing a fixed lien to carry on the corporate affairs in the hope and expectation of saving something for general creditors, as counsel argues, and supports his argument with worthy authority (International Trust Co. v. Decker Brothers, 152 Fed. Rep. 78;In re Clark Coal and Coke Co., 173 Fed. Rep. 658; Lockport FeltCo. v. United Box, Board and Paper Co., supra), nor one where a lien was displaced, for here, at the time the receiver was appointed, there was no funds to which the indemnity company's lien attached. The unpaid balance of the contract price at that time was the property of the board of education, and the funds came into being only after the board had satisfied its own requirements in completing the contract, and was made possible by the court's action, and to the extent that the receiver's efforts and expenditures contributed towards the creation of the fund, his claim must be first met. The receiver is entitled to his expenses and the costs of his administration, to be determined by the court of his appointment.
The remaining question is, Which of the assignees is entitled to the balance of the fund? The indemnity company *Page 82 
claims it, aside from its assignment, by way of subrogation to the rights of the board of education. What rights? If the indemnity company had been called upon, and had finished the work, upon the contractor's failure, it would have stood in the shoes of the board of education, and entitled, of the contract price, only to the sum expended in the completion. St. Peter'sCatholic Church v. Van Note, 66 N.J. Eq. 78; Union Stone Co.
v. Freeholders of Hudson County, 71 N.J. Eq. 657. It is argued that the indemnity company is entitled to subrogation because it has paid and will have to pay materialmen large sums of money, but that obligation is personal to the materialmen and arises out of the bond given for their security. The condition of the indemnity company's bond, that the contractor would pay labor and material men, was not an indemnity to the board of education, for the board owed them no duty to pay. The condition is an engagement directly with labor and materialmen which they alone may enforce; to their claims the indemnity company may succeed, upon payment, as against the contractor. If labor and materialmen had filed valid liens against the fund, the indemnity company would have been entitled to be subrogated to their liens; but no valid liens were filed. In so far as the indemnity company has paid and will be called upon to pay for labor and material in discharge of its bond, it will stand as a common creditor of its principal. Whatever rights it has lie in its assignment. Its assignment is senior to that of the trust company, and the rule is, "First in time, best in right." The trust company contends, however, that as both assignments are of equitable interest and governed by equitable principles its junior assignment is superior in equity because of the prior notice to the board of education. In Jenkinson v. New York Finance Co., 79 N.J. Eq. 247,
Vice-Chancellor Emery considered the free transfer of equitable interests as essential to their value, and liable to be impaired unless protected by the rule of notice, in analogy to the Recording act, and, adopting the principle of the English cases of Dearle v. Hall, 3 Russ. 1; Ward v. Duncombe
(1893), App. Cas. 369, and Foster v. Cockerell, 3 Cl. F.456, held that notice to the trustee is necessary *Page 83 
to protect an assignment as against a subsequent assignee who is a purchaser for value in good faith and without notice, and declared the equitable ground upon which the rule rests to be "that the failure of the prior assignee to give notice is a negligence which leaves the assignor in a position where, by his apparent ownership, he is able to deal with the property in a manner to defraud or injure any subsequent purchaser notwithstanding all due inquiry made." The English cases hold, and the vice-chancellor approved the doctrine, that the junior assignee is entitled to priority even though he made no inquiry of the trustee as to prior assignments and consequently suffered no injury in fact by the negligence of the prior assignee to give notice. The United States supreme court declined to follow the English rule that priority of notice without more, gave priority of lien. Salem Trust Co. v. Manufactures Finance Co.,264 U.S. 182. The foot notes to that case cite some of the conflicting authorities in our courts. See, also, Fidelity Trust Co. v.Bolles, 80 N.J. Eq. 15. The trust company, however, is not a purchaser for value, in good faith, without notice. It is a purchaser in good faith. Knowles Loom Works v. Vacher,57 N.J. Law 490; affirmed, 59 Ibid. 586. But it is not a purchaser for a valuable consideration. Mingus v. Condit, 23 N.J. Eq. 313;DeWitt v. Van Syckle, 29 N.J. Eq. 209. Assuming Jenkinson v.New York Finance Co. to have been correctly decided, the trust company is not favored by a special equity.
The fact that the board of education exacted from the trust company a consent or release to the payment to the contractor of installment payments under the contract, did not effect a valuable consideration for its assignment. It may possibly have suffered harm in consquence, but such injury is not a valuable consideration relating to the execution of the assignment.
The balance of the fund after paying the receiver will be ordered paid to the Globe Indemnity Company. *Page 84