John C. Guise, Incorporated, entered into a contract with the Rahway valley joint meeting to erect certain public works and gave the usual bond with the obligation required by P.L. 1918 p.203; Cum. Supp. Comp. Stat. p. 1765, to secure payment for labor and materials. The Guise company completed the work and was afterward adjudged insolvent in this cause. The Lock Joint Pipe Company, a creditor of the Guise company for labor performed and materials furnished, brought suit against the Fidelity and Deposit Company of Maryland, the surety on the contractor's bond. The surety had no defense to the suit and therefore paid the debt. It filed with the receiver a claim for the amount paid the pipe company, asserting preference over general creditors as against the moneys coming to the receiver on account of the contract made by the insolvent corporation with the Rahway valley joint meeting. The receiver allowed the claim as a general claim and disallowed the preference. From that determination, the surety has appealed.
The surety supports its appeal first on the ground of subrogation. A surety who pays a debt of his principal is subrogated to all the rights of the creditor. The receiver, recognizing this rule, admits that the appellant is subrogated to the rights of the pipe company, and hence he has allowed this claim as a general claim. The pipe company was not entitled to preferential payment out of the estate of its debtor, the insolvent corporation, but was merely a general creditor. Nor did the pipe company have a lien on the contract price in the hands of the Rahway valley joint meeting, for it did not take the steps required by the statute to establish a lien. The equitable principle of subrogation does not entitle the surety to preference over other creditors. "If labor and materialmen had filed valid liens against the fund, the indemnity *Page 13 
company would have been entitled to be subrogated to their liens; but no valid liens were filed. In so far as the indemnity company has paid and will be called upon to pay for labor and material in discharge of its bond, it will stand as a common creditor of its principal." Board of Education of Elizabeth v. Zinc, 101 N.J. Eq. 78; John A. Barwell, Inc., v. Vail, 108 N.J. Eq. 117;affirmed, 111 N.J. Eq. 431.
The appellant also relies upon an assignment of the fund. When the Guise company applied to the Deposit company for a bond, it assigned to the surety as collateral, all rights in or growing out of the contract, but the parties agreed that the assignment would become effective "only in event," among others, "of the appointment or of any application for the appointment of a receiver or trustee for the undersigned, whether insolvent or not * * *." In the Zinc Case, the claim of the indemnity company under an assignment was upheld but the assignment was one operating in praesenti. In the Barwell Case, where the assignment was operative only on default, there is a headnote reading: "One claiming as assignee from the contractor must show an assignment effectual prior to the receivership." But this statement is not supported by the opinion, and is not a part of the decision. The court held that the assignment remained ineffective because no default ever occurred. In Board ofEducation of Linden v. Vail, 108 N.J. Eq. 207, Vice-Chancellor Backes said of a similar conditional assignment or subrogation agreement, "and if there had been no breach or default until after the receiver had been appointed, the right of subrogation would have been superior to rights acquired by the receiver, for he stands in the shoes of the contractor and took subject to the equities."
In the instant case, the Guise company did not confer upon the surety a present title but only a right which would ripen upon the happening of certain contingencies; until then, the assignor retained for its own use, payments under the contract. If none of the contingencies should ever happen, the assignee's title would never mature. The assignment did not become effective according to its terms, until *Page 14 
the application for the receiver was made. But immediately upon execution of the assignment, and by force thereof, an inchoate right or equity in favor of the appellant did fasten upon the title of the Guise company. Whether or not the assignee's interest matured before the receiver took title, is a question of little moment in this case. The title of the receiver is subject to the right of the surety arising from the assignment, except in so far as the receiver shows some special superior equity. Appellant concedes that the receiver has such an equity for reasonable fees for himself and his counsel for conducting the litigation whereby the fund was recovered from the Rahway valley joint meeting. Subject thereto, the deposit company is entitled to payment out of the fund to the amount advanced by it, in preference to general creditors.
The determination of the receiver should be modified accordingly.