JULIAN SZELEWA and MARY SZELEWA, his wife, complainants,

*v.*

J. HAROLD WINDELER et al., defendants.

[Decided April 7th, 1932.]

*Mr. John Q. Frey,* for the complainants.

*Mr. Abraham M. Herman,* for the defendants.

BACKES, V. C.

This bill is to foreclose a matured mortgage in which the pleader unnecessarily set up that taxes remained unpaid for sixty days in breach of a covenant in the mortgage which, at the mortgagee's selection, also matured the mortgage. The owner defendant answers that the complainants extended the time of payment of the principal and taxes, which time had not expired when the bill was filed. Issue was joined. The defendant also, by counter-claim, sets up the extension agreement and prays for specific performance. Issue was joined. A counter-claim was unnecessary. By leave of court, the complainants filed a supplemental bill charging that since the filing of the bill an additional installment of taxes fell due and remained unpaid for sixty days.

The facts alleged are not in aid of the cause upon which the original bill rests, but plead a new cause of action. This cannot be presented by a supplemental bill. A plaintiff cannot file a supplemental bill to introduce facts which have

occurred since the filing of the original bill, and upon which a decree can be had without reference to the original bill. He should dismiss his original bill, and file a new one. *Milner* v. *Milner* (*N. Y.*), *2 Edw. Ch. 114*. In *Pinch* v. *Anthony,. 92 Mass. 470, 477,* Judge Chapman said: "We have found no authority that goes so far as to authorize a party, who has no cause of action at the time of filing his original bill,. to file a supplemental bill in order to maintain his suit upon a cause of action that occurred after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill." *2 Dan. Ch. Pr.* (*5th ed.*) *1443.*

The order permitting the supplemental bill to be filed will be vacated and the supplemental bill will be stricken.