GIGLIO, APPELLEE, *v.* KONOLD ET AL., APPELLANTS.

(No. 9649—Decided November 22, 1965.)

*Mr. C. R. Beirne,* for appellee.
*Mr. Charles J. Chastang* and *Mr. Robert F. Groneman,* for appellants.

HILDEBRANT, P. J.    This appeal on questions of law is from an order overruling defendants' motion to strike a pleading denominated "Supplementary Petition" from the files. The claimed error is, therefore, demonstrable from the record as disclosed by the transcript of docket and journal entries, without a bill of exceptions.   Consideration of this appeal is therefore limited to that record.   The petition denominated "Supplementary" will here be considered as a "supplemental" pleading under Section 2309.63 of the Revised Code, and the procedural requirements thereof deemed waived.

The original petition and amended petition were filed herein under favor of Chapter 2721, Revised Code, "Declaratory Judgments." The amended petition seeks a declaration of the rights, status and legal relations of the parties growing out of

contract whereby defendant The Cincinnati Community Hospital Association, Inc., operating the Otto C. Epp Memorial Hospital, functioning through its trustees, sued herein individually, granted plaintiff the rights and privileges of a member of the staff of the latter-named hospital, and sought the further special remedy of mandatory temporary and permanent injunction seeking to force the defendants to renew the staff membership terminated by the defendants as of March 31, 1964.

The "Supplemental" petition complains in a first cause of action that all but two of the defendants have acted in a malicious and deliberate attempt to circumvent the orders of the court below, and in a second cause of action seeks compensatory and punitive damages of $50,000 in each instance.

In New York it is held that:

"Supplementary proceedings are special proceedings of statutory origin, and the court has only such jurisdiction as is conferred by the statute creating the remedy." *Mede* v. *Meyer,* 55 Misc. 621, 105 N. Y. S. 957, 958.

It is further held that:

"The office of a supplementary complaint is to aid the cause of action already averred, not to enable the plaintiff to recover upon a cause of action which has accrued since the action was commenced." *Halsted* v. *Halsted,* 7 Misc. 23, 27 N. Y. S. 408.

The Ohio law under its "supplemental" pleading statutes is in accord.

In *State, ex rel. Dickman,* v. *Defenbacher, Dir.,* 151 Ohio St. 391, the original object of the action was to prevent disbursement of state funds. No restraining order was ever secured, and the funds were disbursed. In a "supplemental petition" plaintiff asked repayment of the funds by those who had received them. At page 393 the court states as follows:

"Being unsuccessful in obtaining what he demanded, the plaintiff later, in the identical case and on facts which developed after the commencement of the action, attempted to accomplish an entirely different thing, viz., the securing of an order directing the recipients of the funds to return them. By pursuing this course, plaintiff changed the character of his action from one of *prevention* as to named persons to one of *compulsion* as to other and different persons. This, we believe, was an unauthorized procedure; plaintiff's proper remedy, if he

had one, was the bringing of a new action for the accomplishment of the result desired.

"It is said in 41 American Jurisprudence 477, Section 264, that 'the facts embodied in a supplemental complaint must relate to the cause of action set forth in the original complaint, and must be in aid thereof. An entirely new case cannot be introduced in this way.'

"30 Corpus Juris Secundum 834, 'Equity,' Section 425, is authority for the statement that, although the purpose of a supplemental bill is to support a cause or suit existing at the time of the filing of the original bill, it is never available to introduce a new or independent cause of action.

"Furthermore, in the case of *Szelewa* v. *Windeler,* 110 N. J. Eq. 299, 159 A. 677, the court said in the opinion:

" 'A plaintiff cannot file a supplemental bill to introduce facts which have occurred since the filing of the original bill, and upon which a decree can be had without reference to the original bill. He should dismiss his original bill, and file a new one.'

" 'Matter which changes the rights of the parties cannot be included in a supplemental bill.' *Florida Bank & Trust Co. of West Palm Beach, Liquidator,* v. *Morris, Trustee,* 101 Fla. 1305, 134 So. 617.''

The original and amended petitions here sought a declaration of rights, status and legal relationship arising out of contract, accompanied by injunctive relief preventing termination of such relationship and requiring renewal and continuance thereof, whereas the petition denominated "Supplementary" seeks other and affirmative relief on a cause of action arising after and during the pendency of the suit by way of punishment of some of the original defendants, not all, in an action for tort claiming compensatory and punitive damages. Such a petition is neither "supplementary" nor "supplemental" within the contemplation of the Ohio statute.

The court has carefully examined the citations contained in appellee's (plaintiff's) brief and has no quarrel therewith; however, we do not consider that they are applicable under the circumstances of this case. It would appear that plaintiff, in filing a supplemental petition, is attempting to substitute that procedure for one in contempt. In argument, plaintiff makes

reference to the transcript of the evidence below, which is not before the court and unnecessary to demonstrate the error complained of.

It is, therefore, apparent from examination and consideration of the pleadings and the record as disclosed by the docket and journal entries herein that the overruling of defendants' motion to strike from the file plaintiff's pleading denominated "Supplementary Petition" was erroneous *ab initio* and constitutes reversible error. This court, therefore, reverses the judgment of the trial court, and here grants the motion of defendants, which the trial court should have granted. The cause is remanded for further proceedings according to law.

*Judgment reversed.*

LONG and HOVER, JJ., concur.