DIDI'EE SEMELY, PLAINTIFF-APPELLANT, v.
JOSEPH SEMELY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 11, 1971—Decided February 17, 1971.

412

Before Judges CONFORD, KOLOVSKY and CARTON.

*Mr. Sidney Slauson* argued the cause for appellant (*Messrs. Slauson* and *Marks*, attorneys).

*Mr. Roscoe L. Lamb* argued the cause for respondent (*Messrs. Ferro, Lamb & Kern*, attorneys).

The opinion of the court was delivered by

CONFORD, P. J. A. D. Plaintiff brought an action for divorce for extreme cruelty against defendant in July 1968. During trial, on October 7, 1969, the trial court granted defendant's informal motion for leave to counterclaim for divorce for plaintiff's alleged desertion constituted by her continued refusal since February 1967 and for two years thereafter to have sexual relations with him. The propriety of that action of the court has not been challenged on this appeal. The issue of desertion was fully tried. At the conclusion of the hearings the court found plaintiff's claim of extreme cruelty not credibly established and that defendant's counterclaim for desertion was satisfactorily proven. A divorce was therefore awarded defendant on the counterclaim and the complaint dismissed. Plaintiff appeals both determinations.

We find no need to discuss the testimony at length. In the light of the sharp issues of credibility developed at the trial we cannot hold the court's findings on the material facts to be insufficiently supported by credible proofs.

In coming to the foregoing conclusions we have had occasion to pause over the adequacy of defendant's satisfaction of the requisite showing of sincere overtures on his part to induce plaintiff to resume marital relations. But any doubts on that score have been overcome by plaintiff's frank concessions on the stand that defendant did make a number of efforts to resume normal relationships and that she rebuffed him because she was afraid of him. That excuse must be deemed insubstantial as the court on adequate evidence found her claims of physical mistreatment by defendant, on

which the fears were purportedly based, to have been substantially unfounded in fact.

Prior to oral argument this court raised the question whether any part of the period of time following the filing of the complaint in July 1968 should count toward the necessary two-year period of continuous and obstinate desertion required for that cause of action as asserted in the counterclaim. Argument and supplemental briefs on the point have been considered.

█ Generally speaking, the period of pendency of a matrimonial action cannot be counted in a later action for desertion (or in a counterclaim for desertion in the same action) against either the former plaintiff or defendant; not against the former plaintiff since cohabitation would prejudice his claim of matrimonial offense by the other party; not against the former defendant because the plaintiff impliedly consents that the other party need not cohabit or offer to do so during pendency. In either case the essential element of obstinacy is consequently presumed absent from the alleged desertion during the said period of pendency of the prior action. See 11 *N. J. Practice* (*Herr, Divorce, Marriage and Separation*) (3d ed. 1963), § 1186 at 418–423, and cases cited, particularly *Weigel v. Weigel,* 63 *N. J. Eq.* 677 (Ch. 1902), aff'd o. b. 65 *N. J. Eq.* 398 (E. & A. 1903); *Marsh v. Marsh,* 14 *N. J. Eq.* 315 (Ch. 1862); *Cook v. Cook,* 97 *N. J. Eq.* 264 (Ch. 1925).

█ Implicit in the rule, where the prior plaintiff is charged in the later action with desertion (or the current plaintiff is so charged in a counterclaim), is the condition that the prior action has been brought by plaintiff in good faith. *Weigel v. Weigel, supra.* That qualification does not here bar the present plaintiff from invoking the presumption of nonobstinacy since we are entirely satisfied that she brought this action in good faith.

█ However, the presumption against obstinacy in the situation aforementioned is rebuttable. Thus, if it can fairly be concluded that the party charged with desertion in

the subject action or counterclaim began a course of obstinate desertion prior to the institution of the prior action (or current action, as the case may be), and that such desertion would have continued independently of the pendency of the action, the period of pendency will be allowed as part of the two-year desertion period. *Cook v. Cook, supra; Gosschalk v. Gosschalk,* 48 *N. J. Super.* 566, 578 (App. Div. 1958), aff'd o. b. 28 *N. J.* 73 (1958).

The continued viability of the aforestated exceptions to the presumption of nonobstinacy is highlighted by the inclusion in the rules revision of 1969 of *R.* 4:77–4, which allows supplemental complaints or counterclaims in matrimonial actions to set forth causes of action arising since the original complaint, without exception for newly arisen causes of action for desertion. Previously, ever since the adoption of the original rules in 1948, a cause of action for desertion which had not accrued at the time of the filing of the complaint or counterclaim could not be asserted by amendment (or supplement). See 1948 *Rules, Rule* 3:84–4(b); 1953 *Rules, R. R.* 4:95–4(b). In the Pressler annotation of the 1969 revision the commentary to *R.* 4:77–4 states (at 606):

The elimination of [(b) of former Rule 4:95–4] should not be construed as effecting or intending to effect any change in the elements of the cause of action of desertion, but only as a recognition that there may be circumstances in which that cause of action as historically and statutorily defined can have accrued despite the intervening filing of a divorce action alleging a different ground.

Under proofs found credible by the trial court and by plaintiff's own admissions at the trial, the cessation of marital relations between the parties began at least as early as February 1967. When asked on direct examination why she had had no relations with her husband, as she had said, for "well over two years, closer to three years" (as of July 1969), she first said "There was no reason for it"; later, because she feared defendant. Assuming validity of the

416

trial court's findings of fact, as we do, it is clear that plaintiff's continued withholding of marital relations with her husband after her filing of the complaint in July 1968 (they began living apart in February 1968) was a product of her already long-standing willful state of mind on the subject, not of any concept on her part as to the impropriety of relations during pendency of her action. Therefore, the period of pendency of the complaint may count as part of the two-year desertion period asserted in the counterclaim.

Affirmed.