NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0434-23

KRITHIGA SADEESHKUMAR,

    Plaintiff-Respondent,

v.

SADEESHKUMAR VENUGOPAL,

    Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 9, 2024**
>
> **APPELLATE DIVISION**

Argued January 29, 2024 — Decided February 9, 2024

Before Judges Sabatino, Mawla, and Vinci.

On appeal from an interlocutory of the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2082-22.

Derek Matthew Freed argued the cause for appellant (Ulrichsen Rosen & Freed, LLC, attorneys; Derek Matthew Freed, of counsel and on the briefs; Neethi Vasudevan, on the briefs).

Roy Joseph Thibodaux, III argued the cause for respondent (Berkowitz Lichtstein Kuritsky Giasullo & Gross, LLC, attorneys; Roy Joseph Thibodaux, III, of counsel and on the brief).

The opinion of the court was delivered by

MAWLA, J.A.D.

Defendant Sadeeshkumar Venugopal appeals from a July 6, 2023 order denying a motion to amend his answer to a complaint for divorce filed by plaintiff Krithiga Sadeeshkumar. He also challenges an August 29, 2023 order denying his motion for reconsideration. We reverse both orders.

The parties were married for over thirty years when plaintiff filed her complaint for divorce in May 2022. The complaint alleged irreconcilable differences and, in addition to dissolution of the marriage, sought an award of equitable distribution, open durational alimony, and counsel fees. In October 2022, defendant filed an answer to the complaint, along with affirmative defenses. The answer denied "the existence of a cause of action in favor of [p]laintiff." It also noted there was a separate litigation in the Law Division, commenced by defendant, regarding a business founded during the marriage. Plaintiff is a third-party intervenor in the business case and the defendant is Selvakumar Murugan.

In May 2023, defendant moved to amend his answer to the divorce complaint to include a counterclaim for divorce on grounds of extreme cruelty and irreconcilable differences. Defendant certified he and plaintiff met Murugan in 2000. Murugan claimed to possess mythical and astrological powers given to him by a Hindu goddess. According to defendant, plaintiff declared Murugan as the family's Swamiji, a spiritual guru or teacher, and

unilaterally devoted herself to him. Defendant claimed because of Murugan's manipulation, plaintiff and Murugan took actions in the business and divorce litigation that adversely affected his personal and financial wellbeing and caused him stress, anxiety, and emotional distress. He also learned plaintiff and Murugan had what he characterized as "an inappropriately intimate relationship," which "devastated" him and "violated all acceptable social norms and . . . further violated [the parties'] cultural values." Defendant urged the court to permit him to amend his answer in the interest of justice.

Pursuant to the Rules of Court, defendant's answer appended a proposed answer and counterclaim for divorce. The counterclaim alleged the extreme cruelty began in 2013 and attached an eleven-paragraph schedule detailing the acts of extreme cruelty.

According to the schedule, in 2017, plaintiff told defendant she wanted to "involve . . . Murugan in their business" and compensate him with "a disproportionately large renumeration," which "placed a financial strain on [d]efendant." Defendant claimed plaintiff "supported . . . Murugan's improper conduct as it relates to the parties' business," and her "actions . . . adversely affected [d]efendant['s] . . . reputation and finances." Moreover, "[p]laintiff improperly hindered [d]efendant['s] attempt to conduct a thorough inquiry" into the issues with the business.

The schedule further alleged that in November 2018, defendant suffered from chest pain and called plaintiff, who was in India at the time. Plaintiff refused to speak with defendant and "forced" him to speak with Murugan. Shortly thereafter, defendant underwent a cardiac procedure and plaintiff did not return to the United States to support him. Plaintiff allegedly then pressured defendant into flying to India against medical advice.

Defendant asserted that during the COVID-19 pandemic from February 2020 to October 2020, plaintiff and Murugan were living together in India, in a "villa . . . improperly purchased with the funds from the parties' business." Because plaintiff would not communicate with defendant or family who were in India, he requested local police perform a welfare check on plaintiff and "retrieve her from the villa." When police found plaintiff, she allegedly told defendant that Murugan gave her "'divine water' to cure all her illnesses, but that the same had made her feel extremely drowsy." She told defendant she wanted to "maintain her distance" from Murugan.

Defendant alleged Murugan manipulated plaintiff into leaving the United States and traveling to India sometime after September 2022. He reiterated that he learned plaintiff and Murugan "had been engaging in an inappropriately intimate relationship" causing him to "suffer[] . . . anxiety and severe emotional distress," which "endangered [his] health and safety."

Plaintiff's counsel filed a letter brief in opposition to the motion to amend, arguing Rule 5:4-2(e) controlled and "only permits the filing of an amended pleading when 'a cause of action [] has arisen or become known since the filing of the original complaint.'" (emphasis added) (alteration in original). Therefore, defendant forfeited the opportunity to amend his pleadings because he knew about plaintiff's alleged conduct as early as 2013 but did not file a counterclaim. Counsel argued the court should not credit defendant's certification because it was based "upon information and belief" and he "fail[ed] to identify the source of such 'information and belief.'"

In reply, defendant's counsel argued his client learned about the details of plaintiff's conduct during the divorce. Counsel also pointed out defendant's frequent travels to India "reinforced" the "need for [d]efendant to have a separate and independent cause of action for divorce to ensure that the divorce move[d] forward." If plaintiff remained in India and withdrew her complaint for divorce, defendant would be unable to obtain a divorce and would be compelled to begin the process again, which would be a waste of money and judicial resources. Counsel reminded the court of the liberal standard to amend pleadings "without consideration of the ultimate merits of the amendment."

The motion judge denied the motion. Although his written findings noted plaintiff had filed a "diametrically opposing certification," as we noted, there

was only a letter brief submitted in opposition to defendant's motion.  The judge found

> [d]efendant's request fails to add any substantive context to his counterclaim . . . and serves only to further exacerbate the contentious rapport between the parties during this litigation.  The case is well over 427 days old and both parties plead irreconcilable differences.  Therefore, based on the discretion offered to the [c]ourt by R[ule] 4:9-1[,] . . . [d]efendant's request is denied without prejudice.

Defendant moved for reconsideration.  He certified the judge was mistaken because he never pled irreconcilable differences, as his initial pleading was just an answer with affirmative defenses.  Defendant explained he filed the motion to amend because when he filed his answer he was opposed to a divorce.  He did not believe plaintiff "independently and free of duress, actually sought a divorce. . . .  However, as discovery progressed, and based upon information learned in the context of [this litigation], it . . . became clear . . . that irreconcilable differences did exist between the parties."  Defendant argued that at the pleadings stage, he did not have to provide the "substantive context" the court claimed was lacking because the court does not consider the ultimate merits on a motion to amend.  Further, the court failed to consider defendant pled independent grounds for divorce and that it was important to obtain a divorce in the event plaintiff failed to prosecute her complaint.

Plaintiff's counsel filed a letter brief in opposition to the reconsideration motion. Counsel argued plaintiff "vehemently denied" the reasons defendant asserted for amending his answer and defendant had not given a reason why he waited to amend. The brief reiterated an amendment was barred by operation of Rule 5:4-2(e). Therefore, the motion should be denied because defendant had not met the criteria for reconsideration and was merely dissatisfied with the judge's first order.

The motion judge denied the reconsideration motion. His written opinion recounted each party's argument, recited the law, and concluded that he "agree[d] with . . . [p]laintiff's position." We granted defendant leave to appeal from the July and August 2023 orders.

## I.

On appeal, defendant repeats the standard for amending pleadings is liberal and he should have been permitted to amend to include a counterclaim because he discovered the salient facts underlying his causes of action during discovery. Further, the judge applied the wrong legal standard when he denied the motion to amend on grounds defendant failed to add any substantive context. Defendant asserts the judge should have granted his motion in the interest of justice to enable defendant to be divorced. The judge also erred when he found defendant had pled a cause of action for irreconcilable differences and denied

A-0434-23

the motion to amend and reconsideration. Moreover, the judge applied <u>Rule</u> 4:49-2 when he denied reconsideration and instead should have used <u>Rule</u> 4:42-2 because his initial ruling was interlocutory.

## II.

<u>Rule</u> 4:9-1 describes when a party in a civil case may amend a pleading, including "at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is to be served, and the action has not been placed upon the trial calendar, at any time within [ninety] days after it is served." Thereafter, a party may also amend "by written consent of the adverse party or by leave of court which shall be freely given in the interest of justice." <u>Ibid.</u>

In exercising its discretion whether to grant leave to amend, the court is guided by the fact that leave is "liberally granted and without consideration of the ultimate merits of the amendment." Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 2.1 on <u>R.</u> 4:9-1 (2024); <u>see also</u> <u>Kernan v. One Washington Park</u>, 154 N.J. 437, 456-57 (1998). "The broad power of amendment should be liberally exercised at any stage of the proceedings, including on remand after appeal, unless undue prejudice would result . . . ." <u>Ibid.</u> (citing <u>Bustamante v. Borough of Paramus</u>, 413 N.J. Super. 276, 298 (App. Div. 2010)).

Despite the liberal standard of <u>Rule</u> 4:9-1, judges may deny leave to amend when the granting of relief would be "futile," as when the new claim lacks merit and would ultimately be dismissed for failure to state a claim upon which relief may be granted.  <u>Notte v. Merchs. Mut. Ins. Co.</u>, 185 N.J. 490, 501 (2006).  Even if the new claim possesses marginal merit, leave to amend may be denied if the claim would unduly protract the litigation or cause undue prejudice.  <u>Bldg. Materials Corp. of Am. v. Allstate Ins. Co.</u>, 424 N.J. Super. 448, 484 (App. Div. 2012); <u>Fisher v. Yates</u>, 270 N.J. Super. 458, 467 (App. Div. 1994).

A.

Guided by these principles, we conclude the judge erred when he denied defendant's motion to amend his pleadings.  At the outset, we note the judge made a mistaken finding of fact when he found defendant had pled a cause of action for irreconcilable differences.  Defendant never filed a counterclaim for divorce.

Moreover, the judge misapplied the law when he considered the merits of the allegations contained in the proposed answer and counterclaims, and then denied defendant's motion because the allegations lacked "substantive context." The Legislature has described the causes of action for extreme cruelty and irreconcilable differences as follows:

> c.  Extreme cruelty, which is defined as including any
> physical or mental cruelty which endangers the safety

or health of the plaintiff or makes it improper or unreasonable to expect the plaintiff to continue to cohabit with the defendant; provided that no complaint for divorce shall be filed until after [three] months from the date of the last act of cruelty complained of in the complaint, but this provision shall not be held to apply to any counterclaim;

. . . .

i.   Irreconcilable differences which have caused the breakdown of the marriage for a period of six months and which make it appear that the marriage should be dissolved and that there is no reasonable prospect of reconciliation.

[N.J.S.A. 2A:34-2(c) and (i).]

Defendant's proposed counterclaim clearly pled sufficient grounds for divorce on both extreme cruelty and irreconcilable differences. The schedule attached to the counterclaim outlined alleged conduct by plaintiff that endangered defendant's health and caused the breakdown of the marriage. That conduct, if proven, would not make it reasonable for the parties to remain married.

We do not share the motion judge's view that defendant's ability to amend a pleading should be denied because it would "exacerbate the contentious rapport between the parties during this litigation." There is no doubt Family Part judges handle contentious cases in every docket type. Their job, particularly in dissolution cases, is to cool the temperature and decide cases

based on objective evidence to enable the parties to move on with their lives. However, subject to leave of court, in interest of justice, the court should permit the parties to timely allege why the marriage should be dissolved—unless a party seeks to file a futile, frivolous, or harassing pleading. To do otherwise would frustrate the statutory right to a divorce.

Indeed, "the Legislature has adopted liberal grounds for citizens to end their marriages . . . ." Steiner v. Steiner, 470 N.J. Super. 112, 120 (App. Div. 2021). In Steiner, the plaintiff sought a divorce on irreconcilable differences grounds. Id. at 116. At trial, she testified the parties had personal differences, the defendant physically mistreated her, and his control of the parties' finances during the marriage led her to seek a divorce. Id. at 120-21.

On appeal, the defendant argued the trial judge's finding the plaintiff established irreconcilable differences was against the weight of the evidence. Id. at 124. We upheld the trial judge's decision to grant the plaintiff a divorce on those grounds; the point being "that divorce isn't available on mere request or demand. . . . Even a 'no fault' divorce requires more than the desire to divorce by imposing on the [party seeking the divorce] an obligation to show" they have met the statutory elements. Id. at 119.

We are also unpersuaded the age of the case was a reason to prevent defendant from filing his counterclaim. The parties did not have a trial date,

discovery was still outstanding, and this was not a run-of-the-mill divorce.  Not only were the parties engaged in a business litigation, plaintiff sought alimony, equitable distribution, and counsel fees.  Defendant's proposed counterclaim sought equitable distribution and counsel fees.  These issues were all interrelated, and if the matter proceeded to a trial, it could not be adjudicated with just half of the picture.

On its surface, defendant's counterclaim suggests the case is complex because it involved Murugan, who defendant claimed influenced the business, and a potential dissipation claim impacting alimony, equitable distribution, and counsel fees.  The dissipation of assets is a consideration in equitable distribution.  N.J.S.A. 2A:34-23.1(i); see also Kothari v. Kothari, 255 N.J. Super. 500, 506 (App. Div. 1992).  Further, we have held alimony may be denied for an otherwise deserving spouse where that spouse engages in egregious conduct by secreting assets or income from the marriage affecting the parties' economic life.  Clark v. Clark, 429 N.J. Super. 61, 76-77 (App. Div. 2012).  And an award of counsel fees requires the court to consider the parties' good faith or lack thereof.  R. 5:3-5(c).  This consideration applies when parties seek fees for litigating dissipation claims.  See Orlowski v. Orlowski, 459 N.J. Super. 95, 100-01, 108 (App. Div. 2019) (affirming an award of counsel fees related to the

prosecution and defense of dissipation claims from the dissipating party's retirement funds.).

B.

Although the judge did not rely upon <u>Rule</u> 5:4-2(e) to deny the motion, we take this opportunity to address plaintiff's interpretation of it. Plaintiff argued defendant was barred by <u>Rule</u> 5:4-2(e) from amending his answer to include a counterclaim because he alleged acts of extreme cruelty and irreconcilable differences beginning in 2013, yet failed to include a counterclaim when he filed his first responsive pleading. Further, at oral argument before us, plaintiff's counsel asserted the standard articulated under <u>Rule</u> 5:4-2(e) is not the liberal interest of justice standard of <u>Rule</u> 4:9-1.

<u>Rule</u> 5:4-2(d) reads as follows:

> Counterclaim. A counterclaim may state any family cause of action, and any other cause or causes of action which exist at the time of service of the counterclaim. A counterclaim not stated in an answer may be filed by leave of the court at any time prior to final judgment. Failure to file a counterclaim for divorce, dissolution of civil union, termination of domestic partnership, or nullity shall not bar such cause of action. . . .

<u>Rule</u> 5:4-2(e) states:

> Amended or Supplemental Complaint or Counterclaim in Dissolution Matters. In any action for divorce, dissolution of civil union, termination of domestic partnership, nullity, or separate maintenance, a supplemental complaint or counterclaim may be

allowed to set forth a cause of action which has arisen or become known since the filing of the original complaint, and an amended complaint or counterclaim may be allowed to change the action from the originally pleaded cause to any other cognizable family or family type action.

Rule 5:4-2(e)'s origins can be traced to the adoption of the 1947 State Constitution.  The proposed source Rule was Rule 3:83-5, which read as follows:

(a)    In any action for divorce, nullity, annulment or separate maintenance, an amendment to the complaint or counterclaim may be allowed to set forth a cause of action which has arisen since the filing of the original complaint, or to change the action from separate maintenance, absolute divorce or divorce from bed and board to any other one of the said actions.

(b)    This [Rule] shall not permit an amendment to recite a cause of action for desertion which had not accrued at the time of the filing of the complaint.

[N.J. Ct. R. 3:83-5 (Tentative Draft 1948).]

The annotation to the draft Rule explained its purpose:

From a technical standpoint, this proposed [Rule] refers to what would be called now a supplemental petition.  However, under the present law a new cause of action cannot be stated by supplemental pleading, (Szelewa v. Windeler, 110 N.J. Eq. 299, 159 [(Ch. 1932)]).  But there is no real reason why a petitioner in a divorce action should be required to file an independent suit for a cause which arose since the commencement of the original action.  One action should be enough to encompass grounds for divorce which existed when the suit was started or which have come into being since that time.

14

For example, if a divorce is sought for desertion and, subsequently, the defendant commits adultery, the [plaintiff] ought to be permitted to charge that offense, also, by way of amendment. The same should be true in the case of an original suit for extreme cruelty with a later adultery, or in the case of an original suit for adultery and another act arising at a later time.

[N.J. Ct. R., 3:83-5 cmt. (Tentative Draft 1948).]

The final rule was adopted as Rule 3:84-4 with minimal alteration and read as follows:

(a)    In any action for divorce, nullity of marriage, or separate maintenance, an amendment to the complaint or counterclaim may be allowed to set forth a cause of action which has arisen or became known since the filing of the original complaint, or to change the action from separate maintenance, absolute divorce or divorce from bed and board to any other one of the said actions.

(b)    This [Rule] shall not permit an amendment to state a cause of action for desertion which had not accrued at the time of the filing of the complaint or counterclaim.

[N.J. Ct. R. 3:84-4 (1948).]

The source rule eventually became Rule 5:4-2(e).[1] The annotation to the Rule recounts "[t]he significant change which the source rule had made in

---

[1]  Rule 3:84-4 became Rule 4:95-4 in 1958. R. 4:95-4 (1958). It changed again to Rule 4:77-4 in 1969. R. 4:77-4 (1969). Rule 5:4-2(e) replaced Rule 4:77-4 and "follow[ed] its source rule . . . almost verbatim. The only change is the substitution of the phrase 'family actions' for the former phrase 'matrimonial actions.'" Pressler, Current N.J. Court Rules, cmt. 4, R. 5:4-2 (1986).

previous practice was the elimination of the prohibition against the filing of an amended or supplemental pleading to allege a cause of action for desertion which had not accrued at the time of the filing of the complaint or counterclaim." Pressler & Verniero, <u>Current N.J. Court Rules</u>, History and Analysis of Rule Amendments to <u>R.</u> 5:4-2, note 5, www.gannlaw.com (2024). The <u>Rule</u> was later amended in September 2011 to include domestic partnerships and civil unions and its caption was amended in September 2015 to denote its application only to dissolution matters. <u>Ibid.</u> <u>See also</u> 2015 <u>Sup. Ct. Fam. Prac. Comm. Rep.</u> 13.

There is no precedent applying <u>Rule</u> 5:4-2(e) in the manner suggested by plaintiff. Existing precedent has interpreted the predecessor, <u>Rule</u> 4:77-4, and N.J.S.A. 2A:34-2 to permit the amendment of a complaint or counterclaim where a cause of action arose after the filing of the original pleading. <u>See</u> <u>Semely v. Semely</u>, 113 N.J. Super. 411, 414-15 (App. Div. 1971); <u>Indiero v. Indiero</u>, 116 N.J. Super. 193 (Ch. Div. 1971).

Aside from the <u>Rule</u> 5:4-2(e)'s history, a reading of its plain language explains why plaintiff's argument is misplaced. The <u>Rule</u> governs the process of amending a counterclaim, not amending an answer to include a counterclaim as defendant sought to do here. Defendant never filed a counterclaim, which he later sought to amend. <u>Rule</u> 5:4-2(e) is inapplicable here.

Further, unlike Rule 4:9-2, which permits an amendment of the pleadings where issues not raised in the pleadings are revealed at trial; or Rule 4:9-3, which permits an amendment to relate back to the date of the original pleading if "the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading"; Rule 5:4-2(e) is unique to dissolution cases. The Rule envisions the following example: a spouse uncovers facts about the party or the marriage itself previously unknown to that spouse during the divorce proceedings, including the existence of other relationships or the presence or absence of assets or liabilities affecting the parties' rights in a divorce. The Rule permits that party to amend the counterclaim accordingly.

"Civil family actions [are] governed by the rules in Part IV insofar as applicable and except as otherwise provided by the rules in Part V." R. 5:1-1. Therefore, Rule 5:4-2(e), being one that is applied in a court of equity such as the Family Part, supplements Rule 4:9. Rule 5:4-2(e) does not alter the interest of justice standard set forth in Rule 4:9-1, which governs all amended pleadings. In Family Part matters, an amendment to a responsive pleading to include a counterclaim is governed by Rule 5:4-2(d), which like Rule 4:9-1 requires leave of court, but in recognition of the Family Part's inherent equitable authority stipulates leave can be granted "at any time prior to final judgment." The logic undergirding the ability to seek leave at any time emanates from the salutary

procedure often employed in divorce matters, whereby parties who had initially filed pleadings alleging grounds other than irreconcilable differences can later amend their pleadings to assert irreconcilable differences as a peaceable means of ending the divorce.

Plaintiff's interpretation of Rule 5:4-2(e) would impede divorce litigants' access to justice because they would be barred from pursuing causes of action revealed to them during the case. This would create, rather than remove, barriers to the resolution of cases, turn up the temperature of a divorce case, and work the opposite result of what the motion judge professed was his goal.

For these reasons, we conclude there was an ample basis, both as a matter of fact and law, to grant defendant's motion to amend his pleadings in the interest of justice. In reaching this conclusion, we recognize that our decision is the first published opinion that harmonizes Rule 5:4-2(d) and (e) with Rule 4:9-1, and that the motion judge and counsel did not yet have the benefit of that guidance. The July 6, 2023 order is reversed.

### III.

Because we have reversed the July 2023 order, the August 29, 2023 order requires little discussion. However, we add the following as guidance.

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC

Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "[R]eversal is required when the [trial judge's decision] . . . 'is clearly unfair or unjustly distorted by a misconception of law or findings of fact that are contrary to the evidence.'" M.G. v. S.M., 457 N.J. Super. 286, 294 (2018) (quoting Wadlow v. Wadlow, 200 N.J. Super. 372, 382 (App. Div. 1985)). We owe no deference to a trial court on questions of law. Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2019).

An order "which adjudicates fewer than all of the claims as to all the parties" is interlocutory and shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice. R. 4:42-2(b). "Reconsideration under this rule offers a 'far more liberal approach' than Rule 4:49-2, governing reconsideration of a final order." JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022) (quoting Lawson v. Dewar, 468 N.J. Super. 128, 134 (App. Div. 2021)).

The motion judge applied the incorrect legal standard when he decided the reconsideration motion, because he relied on the non-interlocutory Rule 4:49-2 standard. Pursuant to our de novo review and applying the "far more liberal approach" under Rule 4:42-2, we conclude the motion for reconsideration should have been granted. For these reasons, the August 29, 2023 order denying reconsideration is reversed.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION